## CROSBY v. ELKADER LODGE No. 72 et al.

</div>

1. JUDGMENT LIEN UPON AN EQUITABLE INTEREST. A judgment attaches as a lien upon the equitable interest of the judgment defendant in the real estate, and such interest may be levied upon, and sold to satisfy a judgment.

2. REDEMPTION BY A DEBTOR OR HIS GRANTEE. If the judgment debtor or his grantee redeems land which has been sold in partial satisfaction of a judgment, which was a subsisting lien thereon, it again becomes liable to levy and sale for the satisfaction of the unpaid balance of such judgment. (*Curtis* v. *Millard,* 14 Iowa, 128.)

*Appeal from Clayton District Court.*

THURSDAY, JUNE 16.

A SUIT in equity, arising out of the following facts and circumstances, as shown by the record.

First. That on the 19th day of April, one E. G. Rolf purchased of John Thompson a lot of ground, twenty feet in width, situated on fractional block five in the town of Elkader, and had the deed therefor made by Thompson to one J. W. Libby; that on the 29th of July following, Libby and wife conveyed said lot to Elkader Lodge No. 72, being a Society of the Order of Masons in the town of Elkader; that an agreement between Rolf and said Lodge was then made, to the effect following: that after Rolf had or should erect a building on said premises, of two stories, the Lodge, for the consideration of twenty-five dollars, should have the privilege of adding a third story, with the right of free access thereto, for the use of their order. The building was so erected; that apart from the right and occupancy of the third story aforesaid, the legal title of said premises was held by said Lodge in trust for the benefit of said Rolf.

Second. At the May Term of the Clayton county District Court, 1856, two judgments were rendered against Rolf; one for four hundred and thirty-seven dollars and eight cents, and costs, in favor of Barnard, Adams & Co.; the other for about one hundred and twelve dollars in favor of W. J. Quain & Co.; that upon these judgments executions were issued against Rolf, and the premises above described were levied upon and sold as his property, by the sheriff, to the plaintiff, James O. Crosby, on the 24th day of September, 1857.

Third. That E. A. Collins, an intervenor in this action, at the May Term, 1857, of said court, commenced his action, by attachment, against Rolf, garnishing the said J. W. Libby and one John Williamson, trustees of the Elkader

Lodge, No. 72. These trustees, in their answer to the garnishment, disclose the nature and extent of the interest which said Lodge had in the property in question, the substance of which is as above stated. They also make answer that Rolf's interest in the same premises is worth about one thousand dollars. At the same term of the court Collins obtained a judgment against Rolf on his claim, in the sum of fifteen hundred and forty-eight dollars and twenty-six cents, and against the said garnishees, in the sum of one thousand dollars, on which a special execution was directed to be issued. On the 23d day of November following, such execution did issue and was levied upon all the legal and equitable interest which Rolf had in said premises; and on the 20th of January, 1858, the sheriff sold said interest to Collins, and afterwards made him a deed therefor, since which he (Collins) has had the possession, and drawn the rents.

Fourth. That in March, 1858, Rolf and wife sold and conveyed whatever interest they had in said premises, together with their right of redemption, to Isaac Havens; and on the 24th of September following, Havens and wife sold and conveyed the same interest with the right of redemption to said Collins, who on the same day redeemed the premises from the sheriff's sale, made just a year before to James O. Crosby, by paying the requisite amount of money to the clerk of the court, who afterwards paid the redemption money to said Crosby.

Fifth. Following this, that the said Crosby, assignee of the judgment of Barnard, Adams & Co., as aforesaid, caused a second execution to be levied upon the property in question to satisfy an unpaid balance due on said judgment, which property was sold under said execution, on the 6th day of April, 1861, to the plaintiff, to whom, the same not being redeemed, the sheriff made a deed, after the expiration of one year from the sale.

Thus being repossessed of whatever interest Rolf had in said premises, at the date of the rendition of the judgment in favor of Barnard, Adams & Co., the plaintiff demanded of the defendants, Libby and the Lodge aforesaid, a conveyance of the legal title which they held as a naked trust for the benefit of Rolf.

This being refused, he files this his bill to compel a declaration of said trust in his favor. The defendants do not resist, but E. A. Collins intervenes and makes objection, claiming, under the facts as above stated, a superior equity in favor of himself, and the whole controversy is narrowed down to the single question, which of these creditors, or purchasers, namely, the plaintiff, on the one hand, or Collins, the intervenor, on the other, has the preferable equity to the legal title to said property. The Court below held in favor of the plaintiff.

*J. O. Crosby, pro se.*

I. The lien of the Barnard, Adams & Co. judgment against Rolf, of May Term, 1856, attached to Rolf's equitable interest in the premises. "Under the Code of 1851, the lien of a judgment attached to whatever interest the defendant had in real estate, whether such interest appeared of record or not." *Denegre* v. *Haun*, 13 Iowa, 240.

II. The sale of 1857, and subsequent redemption by Collins, Sept. 24th, 1858, just one year after, simply places matters as though no sale had been made, and the amount paid to redeem, less costs of sale, paid on the judgment, and it does not in the least change the rights of parties in this action. *Stoddard* v. *Forbes*, 13 Iowa, 296; *Curtis* v. *Millard & Co.*, 14 Id., 128; *Wood* v. *Colvin*, 5 Hill, 228; *Titus* v. *Lewis*, 3 Barb. S. C. R., 70; *Phyfe* v. *Riley*, 15 Wend., 248.

III. The conveyance of the equity of redemption by Rolf to Havens, and by Havens to Collins, upon the strength

Crosby v. Elkader Lodge.

of which Collins redeemed, brings in no new complication, but makes the redemption as though made by Rolf, and Rolf, as judgment debtor, and Collins, as junior incumbrancer, had joined in intervening. The judgment lien of the unsatisfied portion of the Barnard, Adams & Co. judgment continued undisturbed up to the sale made upon the execution to enforce it, on the 6th day of April, 1861, followed by the sheriff's deed to plaintiff, on the 7th day of April, 1862 ; and it makes no difference if Collins had in the meantime had a sale on his junior judgment. "Lands sold on a junior judgment and subsequently sold on a senior judgment, are held by the sale on the senior judgment, and a judgment creditor loses no right if he asserts his lien by sale, within the ten years. The judgment loses none of its efficacy by lying dormant." *Marshall* v. *McLean*, 3 G. Greene, 363 ; *People ex rel. Post* v. *Fleming*, 2 Comst., 484 ; *Conrad* v. *Atlantic Insurance Company*, 1 Peters, 386, at p. 443.

IV. Collins gained nothing but information by his garnishment. *Seymour* v. *Kramer*, 5 Iowa, 285.

V. Collins' first interest was that of junior incumbrancer, which was cut off by the sale under the senior judgment, under which plaintiff claims. His second interest was that which Rolf had, a right to redeem and hold possession until cut off by the same sale and conveyance, then that was gone.

*D. E. Lyon* for the appellant.

I. Plaintiff recovered judgment at the May Term of the Clayton District Court, 1856. Execution issued, and the property in question sold thereon 24th September, 1857. This proceeding extinguished the lien as to the land sold, as it is presumed the land sold for its value. *Hewson* v. *Dygert*, 8 Johns., 333 ; *Ex parte Stevens*, 4 Cow., 133 ; *Ex parte Paddock*, 4 Hill, 544 ; *The People ex rel. Easton*, 2 Wend.,

297; *Werry* v. *Bostwick*, 13 Ill., 398; *McLogen* v. *Brown*, 11 Ill., 519.

II. And such lien is extinguished, though there remain a balance unpaid and due upon the judgment beyond the amount of the bid at the sale. *Russell* v. *Allen et al.*, 10 Paige, 249.

III. When plaintiff once sells on his execution, he thereby discharges his *lien* on the land sold, until the debtor obtains a new right, as the execution has performed its office as to the land sold; and the plaintiff having bid for the same all he was willing to allow on his judgment for it. If in the meantime a junior creditor sells, the lien of plaintiff must be extinguished. Therefore the sale on the Collins execution took all the estate there was left in the debtor, thereby leaving the senior execution extinguished as to the premises in question.

IV. Collins, the junior creditor of the sale of premises, by virtue of his execution, redeems from sale made by plaintiff, by paying the proper amount, which being received by plaintiff in senior execution, Collins is to be treated as a creditor redeeming within nine months. Code, §§ 3344–3346, 3350. *The Bank, &c.*, v. *Warren*, 7 Hill, 91.

V. Collins, by taking conveyance from Havens, did not prejudice his rights, only perfected his title as against Rolf.

VI. Plaintiff can claim nothing by virtue of the sale made in April, 1861, for the reason that he had no lien upon, and Rolf no interest in, the premises at the time the sale was made. *Werry* v. *Bostwick*, 13 Ill., 398.

VII. Plaintiff having received the money paid by Collins on the redemption, is estopped from claiming the land. He does not offer to return the money. Equity will not give both the money and land to him. *Werry* v. *Bostwick*, 13 Ill., 398; *Phyfe* v. *Riley*, 15 Wend., 252, of the opinion.

LOWE, J.—The question involves no principle not heretofore settled by this Court.

First. It has been held that the equitable interest of the judgment debtor in real estate is vendible upon execution, and the judgment itself operates as a lien thereon. *Harrison* v. *Kramer et al.*, 3 Iowa, 543; *Blain* v. *Stuart*, 2 Iowa, 378.

Second. If the debtor or his grantee redeem land which had been sold in part-satisfaction of a subsisting judgment, the property at once becomes liable to satisfy the unpaid balance of the execution from the moment of such redemption. This principle or rule of property is distinctly settled in the case of *Curtis* v. *Millard & Co.*, 14 Iowa, 128, where the doctrine upon this subject is discussed, as well as by the several authorities therein cited.

Adopting and following the rule thus established, we must hold that the claim of Collins must give way to the prior and superior equities of the plaintiff. For, we remark, additionally, that Collins did not redeem as a junior execution creditor, within nine months of the first sale, but as purchaser under Rolf, the debtor, at the end of the year, and for that reason occupies no better or different position from what Rolf would if he had redeemed, that is to say, he took the property subject to all liens and incumbrances that were or might be resting upon it.

The circumstances that he commenced his suit by attachment, and garnished Libby and Williamson, trustees of Elkader Lodge, No. 72, introduces no new element into the controversy, nor did it in the least alter the rights or shift the equities of the parties. The judgment below is

Affirmed.