## ESCHER v. SIMMONS ET AL.

1. **Mortgage**: VENDOR'S LIEN: MERGER. A vendor's lien upon real estate is merged in a mortgage taken for the purchase-money, and cannot be afterward revived.

2. ———: FORECLOSURE FOR INSTALLMENT: EXHAUSTING OF LIEN. A sale of property under the foreclosure of a mortgage, although in satisfaction of an installment only of the mortgage debt, exhausts the lien of the mortgage, the presumption being in all cases, as against the mortgagee, that the property sells for its full value.

*Appeal from Cedar District Court.*

THURSDAY, JUNE 24.

THIS action is brought to recover the purchase price of certain real estate, and to declare the judgment recovered a lien upon the land sold. By consent the cause was referred to the Hon. John Shane, judge of the District Court, to make

up and·try the issues of law and fact, and report his findings therein.    The facts of the case are fully presented by the report of the referee, which is as follows:

"1.    That on the fifth day of April, 1875, plaintiff sold to defendant, Abraham Simmons, the east $\frac{1}{2}$ of the northwest $\frac{1}{4}$, and the west $\frac{1}{2}$ of the northeast $\frac{1}{4}$ of section 32, township 81 north, range. 3, west of 5th principal meridian, containing 160 acres, also lot number 4, in the northeast $\frac{1}{4}$ of section 19, township 80, range 3 west, 5th principal meridian, containing 48.56 acres, for the consideration of $7,140; that by the terms of such purchase said consideration was to be paid as follows, to-wit: $2,000 in cash; $500, April 5, 1876; $1,000, April 5, 1877; $1,000, April 5, 1878; $1,000, April 5, 1879, and $640 April 5, 1880.

"2.    That said purchaser then and there caused to be paid, or paid, plaintiff the sum of $2,000, and executed to plaintiff his five several promissory notes for the balance of said pur-chase-money, in the sums and payable at the above dates respectively; and said promissory notes provided for the payment of interest annually on said deferred payments at the rate of ten per cent per annum; that plaintiff then and there executed and delivered to defendant, Abraham Simmons, a deed for said premises so sold, and the said defendant exe-cuted and delivered to plaintiff a mortgage to secure the deferred payments of said purchase-money, as evidenced by said promissory notes; that thereupon the defendant Abraham Simmons went into possession of said land, and has occupied the same and lived thereon ever since..

"3.    On the 20th day of July, 1876, plaintiff filed his petition in the Circuit Court of Cedar county, asking a judg-ment at law against the said Abraham for the sum of $500 and interest, being the amount due on the promissory note in said mortgage first described; that afterward such pro-ceedings were had that in the Circuit Court of said county the plaintiff obtained judgment in said action against the said Abraham for the sum of $572.92; that execution was

issued on said judgment; that by virtue thereof the first two tracts in said mortgage described were levied upon and sold to satisfy said judgment and costs, on the 18th day of November, 1876, and the plaintiff in this action was the purchaser at said sale, to whom the sheriff issued a certificate of purchase.

"4. That on the 16th day of April, 1877, the plaintiff filed his petition in the District Court of Cedar county against the said Abraham Simmons, asking judgment against him for the sum of $365, being the alleged balance of principal due on the second promissory note in said mortgage described, and judgment for interest at ten per cent per annum, and plaintiff in that petition further asked a foreclosure of said mortgage.

"5. That afterward, and at the May term of the District Court, in and for said county, such proceedings in said cause were had that a default was entered therein against the said Abraham, and a minute was made on the judge's docket, or calendar, in substance as follows: 'Default of defendant and judgment and decree as prayed.'

"6. That thereafter the clerk entered upon the records of the proceedings of said court the final decree or judgment, to-wit:

"And now, on this 8th day of May, 1877, at the District Court of Cedar county, the defendant being called and not appearing, judgment was rendered in accordance with the prayer of said petition, on a balance of $365 due on a promissory note, with interest thereon from the 6th day of March, 1877, to date, and also for interest from April 5, 1877, up and to the 6th day of March, 1877, being compound interest, and a decree of foreclosure against the east $\frac{1}{2}$ of the northwest $\frac{1}{4}$, and the west $\frac{1}{2}$ of the northeast $\frac{1}{4}$ of section 32, township 81, range 3, west of the 5th principal meridian, and also on lot 4 in the northeast $\frac{1}{4}$ of section 19, township 81, range 3, west 5th principal meridian."

That there was no other entry of any judgment or decree

on the journals of the proceedings of said court, in said cause; but the clerk computed the amount, to-wit: $575.08, appearing to be due on said notes, and entered the same in the usual form as a judgment against the said Abraham, on the judgment docket of said court.

"7. That thereafter on the 22d day of May, 1877, a special execution was issued by the clerk of said District Court commanding the sheriff of said county to levy upon the lands described in said mortgage, and to sell the same to satisfy said judgment, interest and costs; that in obedience to the said execution the said sheriff levied on said lands described in said mortgage, and on the 23d day of June, 1877, sold the same at public outcry, at the front door of the court-house, in said county, to the said judgment creditor, to-wit: the plaintiff in this action, for the sum of $609.80, and the said sheriff then and there issued to plaintiff a certificate of sale as required by law.

"8. That afterward on the 5th day of November, 1877, the defendant Abraham Simmons sold and conveyed by deed of general warranty the lands described in said mortgage and certificate of sale last mentioned to defendant Sem Simmons, except that part of said lands included in said lot 4, which had heretofore been sold and conveyed by said Abraham to other parties, with this plaintiff's consent. The nominal consideration for said lands, as appears by the deed of conveyance from the said Abraham to the said Sem, is $6,000.

"8½. That at the time of said conveyance the said Sem well knew that the balance of the purchase-money over and above that part paid in hand and that part represented by the first two notes was unpaid; he knew that said Abraham had no money or property to satisfy the balance of the purchase-money, except the property described; that said property so conveyed to him by said Abraham was at the time reasonably worth $6,000; that there was no incumbrance on said property save and except one year's taxes and the incumbrance held by plaintiff in his said judgments and mortgage.

" 9. That said Abraham is the son of said Sem; that said Eliza is and was the wife of said Abraham; that at the date of said conveyance to said Sem the said Abraham was indebted to him in the sum of about two thousand dollars, which had been advanced and furnished by said Sem at the time said lands had been purchased from plaintiff, and had been applied in payment of the purchase-money paid in hand for the same; that in consideration of said conveyance to him, the said Sem released the said Abraham from said indebtedness of his said son Abraham to him as aforesaid.

" 10. That after the purchase and conveyance to said Sem of said lands he redeemed the same from said sheriff's sales by paying into the office of the clerk of the District Court in and for said county the full amount of the proceeds of the sheriff's sales as aforesaid, together with interest, costs and accruing costs, and the said plaintiff received from the clerk said sum, except the proceeds of the second sale, to-wit: $670.33, which remains in the clerk's office subject to plaintiff's order.

" 11. I further find that Sem Simmons redeemed said lands from a sale for taxes of the year 1876, and that he paid the taxes for 1877 and 1878, and that such sums were part of the consideration paid by him for said lands, and entered into and made a part of the $3,300 claimed by him to have been paid the said Abraham therefor; and I find that the said Abraham has ever since his purchase of said lands from plaintiff lived thereon, occupied and used the same, and there is no evidence that he accounted to the said Sem for any of the rents and profits thereof; and I have no evidence that the said Sem advanced or paid said Abraham any money or valuable consideration for the conveyance of said lands to him by said Abraham, except the payment of the taxes as aforesaid.

" 12. I find that, during the time the said Abraham held the legal title to said lands, by and with the consent of plaintiff he sold and conveyed all, or nearly all, of lot 4 in

the northeast $\frac{1}{4}$ section 19, township 80, range 3, described in said mortgage; but exactly how much, or whether all or not, does not appear from the evidence, but it does appear that such sales were made with plaintiff's consent, and with the agreement that the lands so sold should be released from said mortgage.

"13.   I further find that the four notes last described in said mortgage are unpaid; that the interest on each has been paid and satisfied up to March 5, 1877; that when this suit was commenced there was due the third note described in said petition, being for one thousand dollars, and that on the 6th day of December, 1878, there was due thereon twelve hundred and fifty dollars; that when this suit was commenced, on the 6th day of December, 1878, the three notes last described in said mortgage were not due; that the principal and interest thereon aggregated three thousand two hundred and nine dollars and eighty cents. From the foregoing facts my conclusions of law are: that the plaintiff's mortgage lien to satisfy the sum of $1,250, and $3,209.80, still exists; that said sales of said property have not exhausted the same, and the clerk will enter a judgment against Abraham Simmons, defendant, for $1,250, and a judgment for costs against all the defendants. A decree will be entered foreclosing said mortgage as to all the defendants; first, ascertaining the amount of the judgment against Abraham Simmons, being the sum due December 6, 1878, as above stated; second, ascertaining and inserting in the decree the sum, principal and interest, not due December 6, 1878, being the sum of $3,209.80. The decree will further provide that a special execution issue; that the lands, except those described in said lot 4, be sold to satisfy said judgment against Abraham Simmons and costs, and that if any balance remains, that such balance be applied in payment and satisfaction of the notes not due December 6, 1878, in the order of payment, and in all applications of money in payment of any of said notes

not now due, there shall be a rebate of interest of ten per cent on the sums so paid."

Decree was entered for the plaintiff in accordance with the findings and conclusions of this report. The defendant Sem Simmons appeals.

*Piatt & Carr*, for appellant.

*Wolf & Landt*, for appellee.

DAY, J.—I. The only question involved in the case is whether the plaintiff, either in virtue of a vendor's lien or the mortgage, retains a lien which can be enforced against the property in question. The vendor's lien was merged in and displaced by the mortgage. Both cannot exist and be enforced at the same time. *Stuart v. Harrison*, 52 Iowa, 511. The existence of a vendor's lien must, therefore, be regarded as entirely out of the case.

<span style="margin">1. MORTGAGE: vendor's lien: merger.</span>

II. It has been held by this court that a foreclosure of a mortgage and sale of the entire mortgaged premises, for an installment due, passes to the purchaser the title and interest of both the mortgagor and mortgagee, discharged of the lien of the mortgage for the installments not due. *Poweshiek County v. Dennison et al.*, 36 Iowa, 244. It has also been held that where real estate has been sold for part of a judgment, that the effect of the sale is to divest the lien of the judgment for the balance, and that the judgment debtor or his assignee may redeem from the sale upon the same terms as a creditor by reimbursing the purchaser the amount of his bid and interest. *Clayton v. Ellis*, 50 Iowa, 590. It is a logical result of these decisions that if Abraham Simmons had himself redeemed from the foreclosure sale, the property would not, in his hands, have become liable to the mortgage. He would have held it simply as any other property, liable to be subjected to a judgment recovered upon the debt. His vendee holds it as the vendee of any property of a debtor, prior to the recovery of

<span style="margin">2. ——: foreclosure for installment: exhausting of lien.</span>

a judgment. This rule works no hardship to the creditor. He ought not to be allowed to speculate upon the necessities of his debtor. He ought not to be allowed the opportunity of deriving an advantage from the bidding in of property for much less than its value. As was said in *Clayton v. Ellis*, *supra*, " it shall be conclusively presumed, for the purpose of redemption, that the purchaser bid therefor all that the property was worth to him." If he bids much less, and redemption is effected, he has no just ground of complaint, if he is placed upon the same footing as other simple creditors, without any lien. The question of fraud in the conveyance from Abraham to Sem Simmons we have not regarded as in the case. The gravamen of the plaintiff's complaint is that, notwithstanding the former foreclosure and sale of the mortgaged premises, the lien of his mortgage or of his vendor's lien, still subsists against the lands. The plaintiff has now obtained a judgment against Abraham Simmons for part of his farm, and may recover judgment for the balance, and will then have the same right as any other judgment creditor to proceed to subject the property to his judgment on the ground that the sale was with the fraudulent purpose of defeating his debt. All that we now determine is that the mortgage ceased to be a lien upon the property.

III. It is claimed by the appellee that no decree of foreclosure was entered in the former suit. The facts respecting the decree are found in the 4th, 5th and 6th findings of the referee. Whilst the decree is somewhat informal, it cannot, in this proceeding, be regarded as a nullity, especially as the plaintiff has had the benefit of its enforcement. The legal conclusion of the court, from the facts found, that the lien of the mortgage still subsists, is erroneous.

REVERSED.