## BLAKE v. BLACK ET AL.

1. **Judicial Sale**: REDEMPTION: SECOND SALE UNDER SAME JUDGMENT. Where property was redeemed from sale under a foreclosure by a junior lien-holder who had acquired the equitable title of the judgment defendant, and who was made a party to the foreclosure proceeding, but not served with notice, it was held that a subsequent service of notice upon him, and the rendition of a decree cutting off his equity of redemption in the property, did not render it again subject in his hands to sale under such decree.

<em>Appeal from Bremer District Court.</em>

TUESDAY, DECEMBER 14.

UPON the petition of plaintiff a temporary injunction was allowed by the Hon. G. W. Ruddick, judge of the 12th Judicial District, restraining defendant Black from receiving, and

the other defendant, Hanchett, sheriff of Bremer county, from executing, a sheriff's deed under an execution sale made upon a judgment in favor of Black, and against certain defendants whose names appear in the opinion. A motion made by defendants to vacate the order granting the injunction, based upon the allegations of the petition and record evidence relating to certain judgments and sales thereon showing the claims and titles of the parties, was sustained. From the order dissolving the injunction plaintiff appeals. The facts of the case are fully stated in the opinion.

*Gray, Dougherty & Gibson* and *Shiras, Van Duzee & Henderson*, for appellant.

No appearance for appellees.

BECK, J.—I. At a prior term an opinion was filed in this case affirming the decision of the .District Court dissolving the injunction. A re-hearing was granted, and

1. JUDICIAL sale : redemption from : second sale under same judgment.

the case has been again submitted to us. Upon a reconsideration of the record. we have reached a conclusion different from that announced in our first opinion, which was based upon a misapprehension of the facts.

We will proceed to state with particularity the undisputed facts of the case as disclosed by the petition and records submitted upon the motion to dissolve the injunction.

The defendant Black, being seized of the land in controversy, sold the same to one Ellis, and executed a bond obligating himself to convey the property upon certain payments being made as provided for in the bond. Ellis assigned the bond to Von Ferber, who assigned to Charles Deitrick. Subsequent to the execution of this bond a mortgage conveying the land was executed to plaintiff, Blake, and Van Duzee, which was foreclosed, and the land sold to the mortgagees upon a special execution issued upon the decree, and a sher-

iff's deed was executed to the purchasers. Who executed the mortgage does not appear in the record. Von Ferber, and Charles and Catharine Deitrick and others were made defendants. Black and Ellis were not made parties.

After the sale upon this foreclosure decree, and before the sheriff's deed was executed to Blake and Van Duzee, Black commenced an action to foreclose the bond, as authorized by Code, § 3329. Ellis, the several assignees of the bond, and Van Duzee and Blake were made defendants in this action.

A decree of foreclosure was rendered against all the defendants except Blake, who had not been served with process, and the cause, as to him, was continued. This was after the sheriff's sale to Van Duzee and Blake, and before the sheriff's deed was executed to them. Upon the foreclosure decree in favor of Black the land was sold to him for about one-half the amount of the judgment, and before the time for redemption under the statute expired Van Duzee and Blake redeemed from the sale, and the redemption money was paid by the clerk to Black. No question was raised as to the right of Van Duzee and Blake to make the redemption. After this, process was served upon Blake in the foreclosure proceeding against him, and a decree was entered cutting off his equity of redemption, but no personal judgment was rendered against him. Thereupon another execution was issued upon the decree of foreclosure, and the interest of Blake in the land was sold thereon to Black. This action is brought to restrain the sheriff from executing, and defendant Black from receiving, a deed under this sale; the judge of the District Court, upon the facts above set out, dissolved the temporary injunction.

II. We will inquire as to the rights of the several parties, and their interest in and title to the property in the different stages of the several proceedings.

The legal title of the land was in Black. Ellis and the assignees of the bond acquired an equitable title. Their interest in the property was conveyed by the mortgage to Blake

and Van Duzee, who thereby became mortgagees junior to Black.

Black, by instituting the proceeding to foreclose the bond, treated the defendants as the holders of the equitable title to the land, and the rights of the several parties in the suit are the same as though Black had conveyed the land and taken a mortgage to secure the purchase money. *Poweshiek Co. v. Dennison*, 36 Iowa, 244.

The land was sold upon the decree of foreclosure rendered in this proceeding. The sale was not of the interest of the parties separately, but of the land itself, without regard to such separate interest. A judgment was rendered against the parties personally liable, and the whole land, and all interest therein, was sold.

Blake and Van Duzee held, as we have seen, the equitable title to the land, but Black's decree of foreclosure was a lien thereon paramount to their title. The decree of foreclosure cut off their equity of redemption. But after the sale of the land the statute secured them the right to redeem from the sale. This right they exercised.

Black exhausted his remedy against the land by the sale, and after redemption therefrom he could not again sell the land for the satisfaction of the decree and the payment of the balance due thereon. *Poweshiek Co. v. Dennison*, 36 Iowa, 244.

When Van Duzee and Blake united in redeeming from the sale on Black's decree Blake's equity of redemption had not been cut off. But he did not seek to redeem under this equity; he redeemed under the statute. The subsequent decree, cutting off his equity of redemption, in no manner affected his right acquired under the statutory redemption. Nor did it subject the land to the decree, for no personal judgment was rendered against him, and the remedy against the land, which was exhausted by the sale, was not revived. Blake and Van Duzee were subsequent incumbrancers; as such they were not necessary parties to the action brought

by Black to foreclose the bond. *Donnelly v. Rusch*, 15 Iowa, 99; *Street v. Beal & Hyatt*, 16 Id., 68; *Heimstreet v. Winnie et al.*, 10 Id., 430.

The omission to make Blake a party did not affect the proceeding further than to save from the operation thereof his equity of redemption.

III. It will be remembered that Black's action to foreclose was commenced before the sheriff's deed was executed to Blake, and before the time for redemption, under the statute, had expired. Blake, at the time, did not hold the title to the land; he was a subsequent mortgagee and nothing more, and, therefore, was not a necessary party.

The title to the land passed by the sheriff's deed under the decree in favor of Black; the equity of redemption still rested in Blake, which he could have enforced only by payment of the entire debt. *Johnson v. Harmon*, 19 Iowa, 56. But that right he did not attempt to enforce. He redeemed under the statute, and when he had made that redemption the lien and claim of Black upon the land was divested, and Blake and Van Duzee's title was free therefrom.

In our opinion the judge of the District Court erred in dissolving the injunction.

Reversed.