MICKLEWAIT ET AL. V. RAINES ET AL.

1. **Mortage:** FORECLOSURE FOR ONE INSTALLMENT: REDEMPTION. Where a mortgage securing two notes was foreclosed for the one first due, and the entire premises were sold under a special execution, and subsequently the mortgagor sold the mortgaged property and duly redeemed the same from the execution sale, such purchaser from the mortgagor takes the property discharged from the lien of the mortgage for the note due. Following *Escher v. Simmons*, 54 Iowa, 269.

*Appeal from Mills District Court.*

FRIDAY, JUNE 9.

THIS is an action to foreclose a mortage executed by the defendant Martha P. Raines, to the defendant I. P. Rickabaugh, and by him transferred to the plaintiffs. The petition alleges that the defendants, Cline and Davis, claim some interest in the property which is subject to the plaintiff's lien, and asks that the mortgage be foreclosed as to them. The court dismissed the plaintiff's petition as to the defendant Cline. The plaintiffs appeal. The facts are stated in the opinion.

*Keeley Bros.*, for appellants.

*Young & Garrigues*, for the appellee.

DAY, J.—On the 7th day of June, 1877, the defendant Martha P. Raines executed to the defendant I. P. Rickabaugh, a mortgage upon the property in controversy to secure two promissory notes of even date with the mortgage, one for $500, due on the 7th day of June 1879, and one for $450 due on the 7th day of June, 1880. On the 9th day of August, 1878, I. P. Rickabaugh indorsed these notes and transferred the mortgage to the plaintiffs. When the note first falling due matured, the

*1. MORTGAGE: foreclosure for one installment: redemption.*

plaintiff's commenced an action thereon, and prayed for a decree of foreclosure of the mortgage, making no reference in the petition to the other note secured by the mortgage. At the September term, 1879, of the Mills District Court, a judgment was rendered in favor of plaintiffs on said first note for the sum of $564.59 and costs and attorney's fees, and a decree was entered foreclosing the mortgage. On the 21st day of November, 1879, the property was sold under special execution to the plaintiffs, for $671.01. On the 9th day of April, 1880, Martha P. Raines sold and conveyed the property by warranty deed to the defendant Cline, and agreed to redeem the property from the foreclosure sale. On the 21st day of August, 1880, Mrs. Raines redeemed from the foreclosure sale.

On the 25th day, of August, 1880, the plaintiffs commenced this action to foreclose the mortgage for the other note secured thereby. The facts of this case bring it clearly and fully within the principles announced by this court in *Escher v. Simmons*, 54 Iowa, 269. See, also, *Poweshiek County v. Dennison*, 36 Iowa, 244; *Clayton v. Ellis*, 50 Iowa, 590. We deem it unnecessary to repeat, or add to what has been said in those cases. Following those decisions, the judgment of the District Court is

AFFIRMED.