## Todd v. Davey.

1. **Mortgage Foreclosure**: SALE FOR PART OF JUDGMENT: REMEDY AGAINST LAND EXHAUSTED. By the sale of mortgaged property on foreclosure for a part only of the judgment, the mortgagee exhausts his remedy against the land, and can neither again sell it upon the judgment nor redeem it from the sale, either before or after redemption by the mortgagor.

2. **Vendor's Lien**: ABANDONED BY FORECLOSURE OF CONTRACT. Where one has a vendor's lien upon the land sold, but elects to foreclose the contract of sale, he must submit to the rules of law applicable to proceedings in foreclosure, and cannot, after the land has been sold and bid in by him for a part only of the judgment, and redeemed from the sale by the defendant, still claim to have a vendor's lien upon the land for the balance of the purchase-money.

*Appeal from Worth District Court.*

TUESDAY, APRIL 3.

ACTION IN CHANCERY. Upon a demurrer to the petition, it was dismissed. Plaintiff appeals.

*Wilber & Sherwin,* for appellant.

*Pickering & Hartley,* for appellees.

BECK, J.—I. The petition alleges that one Knowles, being the owner of certain land, bargained and sold it to one Whitney for $4,000, $500 cash, and the balance to be paid in yearly installments of $500 each, for which Whitney executed his seven promissory notes, one falling due each year. Knowles executed to Whitney a writing agreeing to convey the land to Whitney upon payment of the notes.

Subsequently Knowles transferred all of the notes and conveyed the land to plaintiff warranting, the title, except as against the rights of Whitney.

After plaintiff had acquired the title to the land and the Whitney notes, she borrowed of Robertson $2,000, for which she gave her promissory note, payable in one year and executed a mortgage upon the land to secure the loan; and, as further collateral security, she transferred to Robertson the notes executed by Whitney, except the one first falling due.

Robertson instituted an action upon the notes against Whitney, seeking therein also to foreclose his right under the contract for the land, making plaintiff a party, and recovered a judgment against Whitney for $3,449.20, and a decree of foreclosure against both Whitney and plaintiff. Upon this judgment the land was sold January 21, 1882, to Robertson, for $2,395.90, being the amount due him upon plaintiff's note. After the sale, Whitney conveyed the land by quit-claim deed to defendant, John Davey, who, as owner of the property, redeemed from the sale by paying the amount thereof with interest and costs.

The sum of $1,334.26 remaining unpaid upon the judgment, Robertson transferred it to Smith, who afterwards assigned it to plaintiff without notice on her part that Davey had redeemed from the sale. Smith also assigned to plaintiff the certificate of sale, which had been transferred to him by Robertson.

Plaintiff prays that the balance of the judgment remaining unpaid after this sale of the lands may be declared to be a lien thereon, or that she may be permitted by a proper decree to redeem from the sale.

II. The mortgage executed by plaintiff to Robertson, cuts no figure in the case, as no attempt is made to enforce it and no rights are claimed under it. The parties to this action stand in the position they would have occupied had no transfer of the notes been made to Robertson and had no conveyance of the land been made to defendant. The notes were transferred to Robertson as collateral security, and the action was prosecuted for plaintiff's benefit. By the re-transfer of the claim, after it had been reduced to judgment, and the assignment to plaintiff of the sheriff's certificate of sale, plaintiff acquired no rights other than those that she would have possessed had she brought the action and purchased the land at sheriff's sale in her own name. The conveyance to the defendant being by quit-claim, he stands in the shoes of Whitney.

*1. MORTGAGE: foreclosure; sale for part of judgment: remedy against land exhausted.*

The parties have the rights in this action they would hold were it a proceeding to forclose a mortgage. *Blake v. Black*, 55 Iowa, 252; *Poweshiek County v. Dennison*, 36 Iowa, 244.

The case, then, presents this question: May a mortgagee after foreclosure, sale and purchase of the land by him upon execution sale, for a sum less than the judgment, redeem from his own sale, or enforce the balance of his judgment as a lien against the land.

By the sale of the land upon foreclosure, the mortgagee exhausts his remedy against the land, and can neither again sell

it upon the judgment, nor redeem from the sale, either before or after redemption by the mortgagor. *Clayton v. Ellis*, 50 Iowa, 590; *Blake v. Black*, 50 Iowa, 252; *Poweshiek County v. Dennison et al.*, 36 Iowa, 244; *Escher v. Simmons*, 54 Iowa, 269.

Under this rule, plaintiff can neither redeen from the sheriff's sale nor enforce the balance of the judgment against the land. There are no equities that take the case out of the rule.

III. Counsel for plaintiff insists that she holds a vendor's lien upon the land, and defendant cannot hold the land free

1. VENDOR'S
lien : aban-
doned by
foreclosure of
contract.

therefrom until all the purchase money be paid. But plaintiff sought to enforce her right in another way. If she had a vendor's lien, she abandoned it, and sought to enforce her claim by the foreclosure of the contract for the sale of the land to Whitney. She, or Robertson acting for her, caused the land to be sold upon the foreclosure, and bid it in, presumably, for what it is worth. After the sale and redemption therefrom, she cannot be heard to claim that the land did not bring its value. She can base no right upon such a claim. She must submit to the rules of the law applicable to proceedings in foreclosures.

AFFIRMED.