PECKENBAUGH v. COOK ET AL.

1. **Judicial Sale for part of Judgment:** REDEMPTION BY JUDG-
MENT DEBTOR: LIEN FOR BALANCE: FRAUDULENT CONVEYANCE.
Where land is sold on execution in satisfaction in part only of a judg-
ment, and the judgment debtor redeems from such sale, the balance of
the judgment at once attaches as a lien upon the property in his hands.
*Clayton v. Ellis*, 50 Iowa, 590, distinguished. And where, after such
sale, the debtor conveys the land to his wife, without consideration, for
the purpose of delaying and defrauding his creditors, and she redeems
with funds furnished by him, the judgment creditor may have the con-
veyance to her set aside, and the land again sold to satisfy the balance
of his judgment.

*Appeal from Harrison Circuit Court.*

THURSDAY, SEPTEMBER 20.

THIS is an action to set aside a conveyance of certain real
estate, made by Mathias Cook to Lydia A. Cook, upon the
alleged ground that the same was without consideration, and
fraudulent as to the plaintiff, who is a judgment creditor of
said Mathias Cook. There was a demurrer to the petition,
which was sustained, and plaintiff appeals.

*Smith & Clyde*, for appellant.

*G. T. Kelly* and *Evans & Roadifer*, for appellees.

ROTHROCK, J. It appears from the averments of the peti-
tion that on the sixth of September, 1880, the plaintiff
recovered a judgment against Mathias Cook for $810. The
judgment was a lien upon forty acres of land owned by said
Cook, and execution was issued and levied upon the land, and
the same was sold to the plaintiff by the sheriff for $100.

After the sheriff's sale, Mathias Cook conveyed the land
to Lydia A. Cook, by a deed with covenants of warranty.
Before the expiration of the year allowed by law for redemp-
tion, Lydia A. Cook paid to the clerk of the court the amount

necessary to redeem from the sheriff's sale, and caused entries thereof to be made upon the proper records, as of a redemption made by her.

It is charged that Mathias Cook is insolvent, and has no property liable to execution except the said tract of land, and that the conveyance thereof to Lydia A. Cook was made without consideration, and with the intent on the part of both parties thereto to hinder and delay the creditors of Mathias Cook, and that the money paid in redemption was his money.

The question to be determined upon the demurrer is, has the plaintiff the right, under the facts set forth in his petition, to subject the land to the payment of the balance due on his judgment?

The property of a debtor is subject to the claims of his creditors, except such as the law exempts. And, as contended by counsel for appellant, a creditor may pursue the property of his debtor, which has been disposed of in fraud of the creditor, although the claim of the creditor be put in judgment after the fraudulent disposition of the property.

And it cannot be disputed that, if a judgment creditor exhausts all the real property of the debtor by execution sale, the creditor being the purchaser, and part of the judgment remains unsatisfied, and the debtor afterward acquires other real estate, the unsatisfied part of the judgment attaches thereto as a lien, and the property may be subjected to the payment of the balance of the judgment. And if a debtor purchases land with his own money, and causes the conveyance to be made to another, the land may be subjected to the claims of creditors. We have, in this case, a sale of real estate for less than the judgment. The debtor had a right to redeem from the sale by paying the amount of the bid, with interest and costs. But if he had made such redemption, the balance of the judgment would have at once attached as a lien upon the land. *Crosby v. Elkader Lodge*, 16 Iowa, 399; *Escher v. Simmons*, 54 Id., 269; *Clayton v.*

*Ellis*, 50 Id., 590. It is not correct, as stated in the head-note to *Clayton v. Ellis*, that it is therein decided that when real estate has been sold in part satisfaction of a judgment, and redeemed by the judgment debtor, it does not again become subject in his hands to the lien of the judgment. That case does not overrule *Crosby v. Elkader Lodge*, so far as the rights of a redeeming debtor are involved. It has been stated by the court in several cases, in treating of the right of redemption from sales of real estate on execution, that the sale for part of the judgment divests the lien of the balance of the judgment. *Tuttle v. Dewey*, 44 Iowa, 306; *Esher v. Simmons, supra*, and *Clayton v. Ellis, supra*. But it never has been held that, where the debtor redeems, the lien does not again attach. And it surely should attach the same as it would to any other land subsequently acquired by the debtor.

Applying this rule to the case before us, what are the rights of the parties? It is charged that the conveyance was without consideration; that the debtor furnished the money with which the redemption was made; and that both parties intended, by redeeming in the name of Lydia A. Cook, and not in the name of Mathias Cook, the real party, to hinder and delay the creditors of Mathias Cook. These charges being admitted by the demurrer, we think the plaintiff presented good ground for the interposition of a court of equity. Suppose that Mathias Cook had used the money in the purchase of other land, and taken the title in the name of Lydia A. Cook in fraud of his creditors, no one would suppose that such a transaction could be sustained. We can see no difference in principle between the case supposed and that now before the court.

In our opinion, the demurrer to the petion should have been overruled.

REVERSED.