## HARMS v. PALMER ET AL.

| 61 | 483 |
| 108 | 89 |

**1. Redemption:** FROM FORECLOSURE SALE MADE FOR PART OF MORT-GAGE DEBT. Where a mortgagee transferred a part of the mortgage notes, and retained a part, and the notes all matured at the same time, and both parties secured at the same time decrees of foreclosure against the land in question, and the land was sold under the decree of the transferee, and bid in by him, and the original mortgagee redeemed the land from such sale, claiming to be a junior lien holder under his forclosure, *held* that by such redemption he acquired no greater interest in the land than the one from whom he redeemed, and that the mortgagor, or his assignee, was entitled to redeem from the mortgagee by paying the amount for which the land was sold with interest and costs:—Following the principle of cases cited in opinion.

### *Appeal from Hardin District Court.*

### THURSDAY, SEPTEMBER 20.

ACTION in chancery to enforce the alleged rights of plaintiff to redeem certain land, claimed by her as a homestead, from a sheriff's sale made upon a decree foreclosing a mortgage. The facts of the case appear in the opinion.

*S. M. Weaver,* for appellant.

*Porter & Albrook,* for appellee.

BECK, J.—I. No question arises in the case which requires a statement of the pleadings. There is no dispute as to the facts which are all set out in an agreed statement, upon which the case was tried in the court below. They are as follows:

Plaintiff's husband, Hiram S. Harms, purchased of defendant, Palmer, certain lands, and executed a mortgage thereon to secure seven promissory notes given for the purchase money of the property. The notes were due at different dates, and each provided for annual interest, and that the principal of the note became due upon default in payment of the interest. The mortgage provided that default in the payment of the principal or interest of any of the notes would cause

the whole debt to become due, and that foreclosure of the mortgage might be at once enforced. The plaintiff and her husband went into possession of the lands, and occupied forty acres thereof as a homestead.

The first and second notes were paid at or soon after the maturity of each. Palmer transferred the third, fourth and fifth of the notes, and Morton, through such transfer, acquired them. No payments having been made upon the notes transferred by Palmer, or upon the two retained by him, all became due under the provision of the mortgage above stated.

Morton commenced a suit to foreclose the mortgage as to all the notes remaining unpaid, both his own and those held by Palmer, but the two notes not transferred by Palmer were withdrawn, and he commenced a separate action in the same court to foreclose the mortgage as to these notes. Plaintiff and her husband appeared in both actions and resisted the foreclosure.

A decree was entered in Morton's case, foreclosing the mortgage as to all the lands, except the homestead, and the case as to it was continued. All the lands covered by this decree were sold upon execution, and, at a subsequent time, a supplemental decree was rendered foreclosing the mortgage upon the homestead, and it was sold thereon at sheriff's sale to Morton.

At the same time the supplemental decree in Morton's case was entered, a decree was rendered in Palmer's case, foreclosing the mortgage as to all of the land, including the homestead. The decree ordered a special execution for the sale of the lands, and a general execution for any balance that might remain after such sale, and provides that, if all the land shall be sold upon Morton's foreclosure, a general execution may issue, without first issuing a special execution. Palmer made redemption of the homestead sold on the supplemental decree in Morton's case, on the ground that he was a junior lien holder under his foreclosure.

Plaintiff's husband having conveyed his interest in the homestead, she made application to redeem it from the sale on Morton's decree, by payment of the sum for which it sold, with interest and costs, but it was refused, the clerk claiming that she could not redeem unless she paid the whole of Palmer's judgment. Plaintiff deposited with the clerk the amount of the sale under Morton's supplemental decree, with interest and costs.

II. It will be observed that the only question in the case involves the right of Palmer to subject the homestead, after having been once sold upon the foreclosure, to a balance due upon the mortgage.

We are required, in the first place, to determine the rights of the parties under the decisions of the court. Plaintiff has no other or different rights than those held by her husband and herself before the conveyence to her by her husband. This court has held that the foreclosure of a mortgage for a part of the sum secured thereby, and the sale of the land, exhausts the remedy of the mortgagee under the mortgage against the land so sold, and that he cannot, after redemption by the mortgagor under the statute, through the mortgage, subject the land to the payment of the part of the debt remaining unsatisfied. We do not refer to his right under a judgment for the balance due. *Poweshiek County v. Dennison et al.*, 36 Iowa, 244; *Clayton et al. v. Ellis et al.*, 50 Iowa, 590; *Escher v. Simmons*, 54 Iowa, 269; *Blake v. Black et al.*, 55 Iowa, 252; *Todd v. Davey et al.*, 60 Iowa, 532.

These decisions are based upon the doctrine that the remedy by the foreclosure and sale exhausts the lien of the mortgage, which cannot be enforced a second time against the same land. The property cannot, therefore, be again made subject to the mortgage debt, either by sale for the portion of the debt remaining unpaid, or by redemption made by the mortgagee.

Is the case before us within this rule? It differs from the

cases cited only in that the holder of the part of the debt remaining unpaid is not the mortgagee, but is the transferee of a part of the notes secured by the mortgage.

Under a familiar rule of law, the mortgage follows the debt, and the assignee has all the right of the mortgagee. If a part of the debt be assigned, the mortgage follows it, with the same consequences. The case, then, becomes that of a mortgage in which two mortgagees are concerned. It is not necessary to inquire what their rights are as to one another. They are to be settled by their contract or by the law. But it is clear that the rights of the mortgagor are not affected by the number of the mortgagees, or their interests or rights in the mortgage. As the mortgagor has no control over the assignment of the debt, his rights cannot be affected by an assignment; they remain, in the absence of contract, or facts creating equities, just as they stood before the assignment, when there was but one mortgagee holding the whole mortgage debt. No reason can be given why the mortgagor's burdens should be increased, or his rights cut off, by an assignment of the debt, or a part of it, so as to increase the number of persons entitled to the security under the mortgage. In such a case, these rights must be settled without affecting the rights of the mortgagor.

Were the rule such as is insisted upon by defendants, a mortgagee, by splitting up his debt by assignment, could bid upon the land a sum less than its value, and the mortgagor could not redeem under the statute, without paying the whole of the mortgage debt. This would result in gross oppression and injustice to the mortgagor, and would operate so that his land would be sacrificed by a sale for less than its value.

It cannot be claimed, if a mortgage be given to more than one mortgagee, that they separately would have the right to redeem from the sale, or that the mortgagor, in order to redeem, must pay the whole debt. This case in no respect is different from that. Here there are, in contemplation of law, two mortgages, the transfer of a part of the debt conferring

upon one party the right of mortgagee. In enforcing their rights, so far as the mortgagor is concerned, they must be regarded as one.

In *Clayton v. Ellis et al.*, 50 Iowa, 590, it is held that the assignee of a part of a mortgage debt cannot redeem from a sale upon foreclosure. It does not appear whether the assignment of the debt was made before or after foreclosure. But the rights of the assignee would be the same in either case.

We reach the conclusion that plaintiff was entitled to redeem upon payment of the sum for which the land was sold, with interest and costs, and without the payment of any balance due upon the mortgage debt. The judgement of the district court is, therefore,

REVERSED.