Etta A. Cadd, Appellant, v. John J. Snell, Appellee.

No. 42663.

March 12, 1935.

Dyer, Jordan & Dyer, for appellant.

Mahoney & Mackey, for appellee.

Kintzinger, J.—The principal question presented in this action is whether or not real estate, subject to a lien of $50 per month in favor of appellant for life, can be released from the entire lien, after a sale of the property in satisfaction of a judgment for a portion of the lien, where the judgment was entered in rem against the property, and where the lien had not been assumed by the owner, and where he made no personal agreement to pay the same.

Defendant acquired title to the property in question by purchase at a mortgage foreclosure sale. When purchased, and by later decree of court, it was subject to a lien of $50 per month in favor of plaintiff, for the balance of her life. This lien was first reserved in a deed of the property from appellant to her daughter, who executed a second mortgage of $4,500 thereon. This mortgage was foreclosed and plaintiff's lien for the monthly installments was established in the decree as superior to the second mortgage. Appellee purchased the property·at foreclosure sale, subject to such lien. Thereafter, the appellee made a certain number of monthly payments which he later discontinued. Payment of this lien had never been assumed by appellee, and was not his personal debt.

After the discontinuance of the monthly payments, appellant commenced an action against appellee in September, 1932, for ten unpaid installments then due upon her lien, and asked judgment in rem against the property therefor; she also asked that her lien for such amount be established and foreclosed against the property. A decree and judgment in rem was entered in that action against the property for $500 and interest, amounting to $535, and a special execution was issued thereon. On March 18, 1933, the property was sold under the execution to plaintiff for $535, and a sheriff's certificate issued to her therefor.

Thereafter, in September, 1933, appellant, as plaintiff, commenced the instant action against the appellee, as defendant, alleging the nonpayment of the $535 judgment, and also the nonpayment of additional monthly installments amounting to $700, and asked the appointment of a receiver to collect the same from the income of the property.

Appellee, by answer and cross-petition, alleges that appellant, in her former action, sued for only that portion of her lien represented by the unpaid monthly installments then due; that judgment was entered therefor, and that the entire real estate was sold at sheriff's sale to satisfy that judgment; and that her entire lien against the property was exhausted by such sale, because no claim for the preservation of the balance of her lien was made in her petition, and because her lien was not preserved in the judgment and decree entered in that action. Appellee, therefore, asks that his title in the real estate be quieted against all claims of appellant for all unpaid installments not included in the judgment in the

former action, subject only to her rights under the sheriff's certificate.

■ I. Appellant does not now seriously contend that a receiver should be appointed either for the collection of the $535 judgment or for the collection of future installments. The property had already been sold to satisfy the judgment for all of the installments then due thereon. No judgment has been recovered for future installments, there was no evidence of waste, and no other valid grounds for the appointment of a receiver were established. The judgment of the lower court in denying a receivership is therefore affirmed.

■ II. Appellant's petition in the former action to recover judgment for delinquent installments, alleges, in substance: That appellee is the owner of the property, subject to appellant's lien, and had paid installments thereon until September, 1931, and "failed to make any further payments thereafter and asked for a judgment in rem for $500, being ten months' payments, and interest, against the property, and asked that her lien be foreclosed and the property sold under special execution".

In that action the court adjudged and decreed:

"That plaintiff have and recover the sum of $50 per month for each and every month commencing with the month of October, 1931, and ending with the month of July, 1932, together with interest * * * being the amount asked in plaintiff's petition, and a judgment in rem for the said sum of $500 and interest is hereby rendered in favor of the plaintiff and against * * * Lot 19, Block 32, in the city of Boone. It is further ordered, adjudged, and decreed that a special execution issue for the sale of said property in order to make the amount of said judgment and interest, and that * * * all right, title, or interest which the defendant may have herein be foreclosed excepting * * * rights of redemption * * * and that if such property be sold and not redeemed a writ of possession issue to the sheriff * * * directing him to put the purchaser * * * in possession * * *."

Pursuant to said judgment a special execution was issued and the property was, on March 18, 1933, sold to the appellant in satisfaction of the judgment.

The instant action was commenced in September, 1933, and the decree entered January 8, 1934, all within the period of redemption. The record fails to show that any redemption of the property has been made. The undisputed facts show that the property was sold to satisfy the judgment for that portion of appellant's lien due at the commencement of the former action. No attempt was made in the pleadings or by the decree of court therein to preserve or protect appellant's lien for the remaining future installments.

It is the well-settled law in this state that a decree of foreclosure for a part of a mortgage debt which is due, discharges the property from the lien of the mortgage for that part of the debt not due, unless some provision for its preservation and protection is made by the decree under issues presented in the pleadings. Kilmer v. Gallaher, 107 Iowa 676, loc. cit. 680, 78 N. W. 685; Escher v. Simmons, 54 Iowa 269, 6 N. W. 274; Poweshiek County v. Dennison, 36 Iowa 244, 14 Am. Rep. 521; Clayton v. Ellis, 50 Iowa 590; Wells v. Ordway, 108 Iowa 86, 78 N. W. 806, 75 Am. St. Rep. 209; Harms v. Palmer, 61 Iowa 483, 16 N. W. 574; Hardin v. White, 63 Iowa 633, 6 N. W. 580, 19 N. W. 822.

In Wells v. Ordway, supra, a junior mortgagee purchased the first mortgage which he foreclosed and bought the property for the amount of the decree without making any reference to subsequent mortgages held by him in foreclosing or sale. He made no attempt to redeem from himself, and accepted redemption money on the first mortgage sale. It was held that the lien of such mortgages was extinguished and that a purchaser of the mortgagor's equity of redemption was entitled to a release therefrom on payment of the amount due upon the foreclosure decrees. In that case the court said:

"Now, while it is no doubt true that foreclosure of a mortgage may be had for installments due, and the cause continued, on plaintiff's application, for the maturity of subsequent installments (see McDowell v. Lloyd, 22 Iowa 448; Burroughs v. Ellis, 76 Iowa 649, 38 N. W. 141), yet that course was not adopted in this case. The court was neither asked to retain jurisdiction of the case in order that the subsequent mortgage might be foreclosed, nor was any mention made of them, either in the petition or in the decree granted by the court. The suit was simply to foreclose the Hall mortgage, and the decree ordered the sale of the premises to satisfy the same. After the sale, Ordway did nothing to protect the liens

held by him under the Tipton mortgages. On the contrary, he accepted the redemption money without protest, evidently in the belief that the Tipton mortgages were still liens upon the land. * * * What, then, are Ordway's rights in the premises? We have frequently held that, unless the court retains jurisdiction of the case to provide for future installments, a sale of the mortgaged premises under foreclosure passes to the purchaser all the title and interest of the mortgagor and mortgagee in and to the premises, and that the purchaser takes free from the lien of the unpaid installments. [Citing cases.] So, where a mortgage is foreclosed for one installment of the debt, and during the period of redemption the mortgagor conveyed the property to a third person, agreeing to redeem, and afterwards did redeem, it was held that such third person took the property free from the lien of the mortgage as to the balance. Micklewait v. Raines, 58 Iowa 605, 12 N. W. 622. See, also, Escher v. Simmons, 54 Iowa 269, 6 N. W. 274; Todd v. Davey, 60 Iowa 532, 15 N. W. 421; and Blake v. Black, 55 Iowa 252, 3 N. W. 657, 7 N. W. 578. But it is contended that these rules do not apply to a case where the mortgagee holds separate notes and mortgages. We do not see that this fact in any manner affects the principle to be applied. If the two Tipton mortgages had been held by a stranger to the Hall mortgage, and this stranger had been made a party to the proceedings, there is no doubt that such stranger's right would be lost after his statutory right of redemption expired. On what theory, may we ask, does Ordway have any greater rights than such stranger? He was a party to the suit. He owned the Tipton notes and mortgages at the time the action was commenced, and held them at the time plaintiff made a redemption, yet he did nothing to protect them, and seemed content to accept the money paid by way of redemption. In order to protect himself, Ordway should have asked the foreclosure of all his mortgages, or, if he did not see fit to take this course, he should have bid all that he thought the land was worth, and applied the excess over and above the amount of the judgment on the Hall notes to the satisfaction of his other notes. He may, perhaps, have had the right to redeem from himself; but in no event should he be allowed to speculate upon his debtor's necessities. * * * We are clearly of opinion that defendant's lien by reason of the Tipton mortgages is lost, and that the trial court was right in granting to plaintiff the relief demanded."

It is also the general rule that where judgment is obtained against a debtor and his property is sold under execution for a portion of the judgment, leaving a part of it unpaid, the property again becomes subject to a lien for the unpaid balance if it is redeemed by the judgment debtor. Crosby v. Elkader Lodge No. 72, 16 Iowa 399; Danford v. Lindsey, 178 Iowa 834, 160 N. W. 318; Campbell v. Maginnis, Ex'x, 70 Iowa 589, 31 N. W. 946; Peckenbaugh v. Cook, 61 Iowa 477, 16 N. W. 530; Clayton v. Ellis, 50 Iowa 590.

It is also "the general rule that the foreclosure and sale of mortgaged premises for a part of the mortgage debt exhausts the lien of the mortgage, and the purchaser at the foreclosure sale and creditor holding liens, who redeem from him, take the property entirely discharged from the mortgage". 19 R. C. L. 565. Unless the decree preserves the mortgage lien as to the principal sum, the entire lien is exhausted. 19 R. C. L. 566. Cooper v. Maurer, 122 Iowa 321, 98 N. W. 124; Henry v. Maack, 135 Iowa 84, 110 N. W. 469; Moody v. Funk, 82 Iowa 1, 47 N. W. 1008, 31 Am. St. Rep. 455; Todd v. Davey, 60 Iowa 532, 15 N. W. 421; Escher v. Simmons, 54 Iowa 269, 6 N. W. 274; Poweshiek County v. Dennison, 36 Iowa 244, 14 Am. Rep. 521.

In Clayton v. Ellis, 50 Iowa 590, we said:

"If redemption of the whole or any parcel is made by the debtor, the judgment, to the extent of the balance due thereon, would constitute a lien on the premises in his hands, and they might again be sold on execution based on said judgment. *But we see no reason why the debtor may not sell his right of redemption, and his vendee redeem by paying the amount of the bid, interest and costs.* (Italics ours.)

"It should be conclusively presumed, for the purpose of redemption, that the purchaser bid therefor all that the property was worth to him. Whether, in case the judgment creditor is the purchaser and the judgment is not fully satisfied by the sale, he could issue another execution and sell the debtor's right of redemption, we do not determine."

The reason for these rules is clearly announced in Moody v. Funk, 82 Iowa 1, loc. cit. 4, 47 N. W. 1008, 31 Am. St. Rep. 455. In that case, after citing decisions holding that if the judgment

debtor redeems, the property again becomes subject to the lien of the *unpaid judgment*, the court said:

"But there is a marked difference between the case of a redemption by the judgment debtor and that of a redemption by his grantee. It is the policy of the law to secure to the debtor, as nearly as is practicable, the full value of his property sold on execution. If the execution creditor fail to bid for the land sold a just amount, the debtor should be permitted to transfer his interest to another for a fair consideration; and, if his grantee redeem, the execution creditor has no right to complain, for he might have bid for the land a larger sum. * * * Where the debtor redeems, and thus restores to his estate land subject to execution for other debts, there is more ground for holding that it may again be sold to satisfy the *remainder of the unpaid judgment*." (Italics ours.)

When, however, the grantee of a mortgagor redeems the land he takes it divested of all the liens of inferior or junior lienholders who were made parties in the foreclosure action who were bound by the decree of foreclosure, and who failed to redeem as provided by statute. 19 R. C. L. 640; Stiles v. Bailey, 205 Iowa 1385, 219 N. W. 537; Witham v. Blood, 124 Iowa 695, 100 N. W. 558; Cooper v. Maurer, 122 Iowa 321, 98 N. W. 124; Co-operative Sav. & Loan Assn. v. Kent, 108 Iowa 146, 78 N. W. 911; Moody v. Funk, 82 Iowa 1, 47 N. W. 1008, 31 Am. St. Rep. 455.

The reason for this rule is based upon the fact that after the property has been redeemed by the debtor it again becomes part of his estate and, like any other property acquired by him, is subject to the unpaid portion of the judgment. It is, however, based upon a personal obligation of the debtor to pay the debt.

In the instant action there was no personal obligation on the part of appellee to pay this debt and no personal judgment had been rendered against him. The only judgment rendered was in rem against the property. It is therefore appellee's contention that when the property is exhausted to satisfy the judgment rendered, all liability on appellant's lien has been exhausted. This rule seems to be conceded in appellant's argument in which it is said:

"If the appellee had, before the expiration of the exemption period, conveyed his interest in the property to some third person who then made a redemption, it is possible that such party could

hold the premises free from appellant's claim, but there is no proof that such is the situation, and it appears to us that the decision * * * must necessarily rest upon the theory that appellant has * * * within the proper time made redemption from the sheriff's sale, thus restoring title to the premises to him."

The property in question was sold pursuant to appellant's request in her petition that a special execution issue, and that the property be sold to satisfy her claim for delinquent unpaid installments of her lien. We can see no difference in principle between this kind of an action and one to foreclose part of the installments due on a mortgage, and by analogy the same rule must apply.

Appellee was under no personal obligation to make the payments, and the lien against his property to secure appellant has been exhausted by the sale of all the property to satisfy the judgment for a portion of the lien. If appellant's grantee, who personally obligated herself to make these payments, were still the owner of the property and were to redeem, judgment could be procured against her on her promise to pay; and the judgment could be enforced against the property if redeemed by her. But where redemption is made by a party not liable on the mortgage debt, the mortgage lien having been exhausted by the sale, the property cannot be subjected a second time to the satisfaction of the same lien for unpaid portions of the debt. Appellee, not being personally liable to appellant, will gain the same right by redeeming, as would a junior lienholder or a grantee of the equity of redemption, in the ordinary foreclosure action; that is, the right to hold the property free from any claim for the unpaid portion of the debt.

It is presumed that appellant's bid of $535.55 was all the property was worth to her. We are constrained to hold that the only rights appellant has in the property are such as she obtained by her purchase at the execution sale, and that if appellee redeems, within the statutory period, he will own the property divested of the lien in appellant's favor for the remaining installments. If redemption is not made, appellant will become the absolute owner under a sheriff's deed.

The lower court so held, and for the above reasons its judgment is hereby affirmed.—Affirmed.

ANDERSON, C. J., and ALBERT, MITCHELL, DONEGAN, POWERS, RICHARDS, and HAMILTON, JJ., concur.