GERMAN BANK v. IOWA IRON WORKS, Appellant.

Judgment: SATISFACTION: MERGER. Where a judgment creditor
1 bought in the debtor's property on execution sale for less·than
the judgment debt, and prior to the expiration of the redemp-
tion period entered into an agreement with the˙debtor to sat-
isfy the judgment in consideration for a conveyance of abso-
lute title, the creditor's interest in· the property under the
sale and its claim for an unpaid balance of the judgment be-
came merged in the fee simple title thus acquired.

Judgment: CONTRACT WITH GUARANTOR: EFFECT OF. An agree-
2 ment between a·judgment creditor and a guarantor of the debt
which is intended to operate as a discharge of the judgment
and˙debt is a complete release of the judgment, and where the
contract provides for immediate satisfaction of the judgment
its release is not dependent upon performance of the contract
by guarantor, and a right to avoid the contract does not in-
volve the right to reassert the judgment.

*Appeal from Dubuque District Court.*—HON. M. C. MAT-
THEWS, Judge.

SATURDAY, APRIL 9, 1904.

PLAINTIFF, as judgment creditor of the· defendant, prays
in its petition that the defendant be restrained from receiving
or collecting the sum of $17,225 appropriated by the Con-
gress of the United States to the defendant, and that a re-
ceiver be appointed for the defendant corporation, to take
possession of all its property and assets; that the officers of
the corporation be ordered and compelled to transfer to said
receiver, by proper indorsement, any warrants, drafts, checks,
or other evidences of indebtedness issued by the federal gov-
ernment on account of such appropriation; that, if any fund
has already been collected on that account, said officers be or-
dered and compelled to turn over said money to said receiver;
and that said receiver be ordered to apply any money coming
into his hands in payment of plaintiff's judgment. In the
second division of defendant's answer it is alleged, in sub-
stance, that by conveyance of its property to plaintiff, and

by a contract made between one E. M. Dickey and the plaintiff, the judgment of the plaintiff against the defendant has been fully discharged and satisfied. A demurrer to the second division of the answer was sustained, and the defendant appeals.—*Reversed.*

*R. W. Stewart* and *Robert Bonson* for appellant.

*Husted & Michel* for appellee.

McCLAIN, J.—From the allegations found in the pleadings, which may be considered in determining the correctness of the ruling on the demurrer, the controlling facts in the case appear to be the following:   That in 1897 the plaintiff obtained judgment against the defendant for the sum of $55,831, and, at execution sale under said judgment, bought in the entire property of the defendant at that time in existence, consisting almost entirely of real estate, for the sum of $43,483, thus leaving a balance of plaintiff's judgment unsatisfied to the extent of $12,347; that at the time of said execution sale, and ever since, the defendant corporation has been insolvent; that, about four months before the expiration of the period of redemption under the execution sale, the defendant, by its proper officers, conveyed to plaintiff, by warranty deed, the entire property of the defendant covered by such sale, for the recited consideration of $1; that at the same time E. M. Dickey, who was president of the defendant company, and the owner of about eighty per cent. of its stock, entered into a contract with the plaintiff for the purchase of the same property from the plaintiff for the consideration of $62,777, to be paid in installments; and that in this contract the plaintiff stipulated "to immediately satisfy the judgment now standing against [the Iowa Ironworks] in favor of [plaintiff] upon the records of Dubuque county, and to release the said [E. M. Dickey] from all liability arising from guaranty or indorsement of $50,000 first mortgage bonds of the Iowa Ironworks, issued December 31, 1894, in favor of [plaintiff]."

By the insertion of words in brackets, this stipulation is here made to correspond with its legal effect.   As a matter

of fact, the judgment against the defendant was in favor of A. A. Cooper, trustee of certain bonds secured by mortgage covering the property of the defendant included in the sale, on which bonds said Dickey was guarantor; but there is no question that Cooper, as trustee, held the bonds for the benefit of plaintiff, and that the judgment was, in legal effect, a judgment in favor of the plaintiff. As a part of this same contract, the plaintiff agreed to lease the property to a new corporation, called the Iowa Ironworks, Limited, and it is recited as the intention of the parties by the agreement and the lease to provide for the repayment to the plaintiff of all moneys due from the defendant, together with interest, etc., and to provide for the repayment of all other sums which plaintiff might thereafter advance on account of said transaction, and further to provide for the transfer of said property to said Dickey upon such payment, and Dickey agreed to pay any deficit upon final settlement under the contract. It further appears that the defendant had been engaged in building a certain vessel for the United States government, and, on account of failure to comply with the conditions of the contract with the government, the sum of $17,225 had been deducted from the contract price, but that subsequently, in the year 1901, Congress made a special appropriation to defendant of the sum thus deducted on the final settlement for the vessel, and it is with reference to the sum thus appropriated that the parties are now in controversy. In short, plaintiff seeks to have this sum of money turned over to it, so far as necessary to satisfy its judgment, while the defendant, or rather its unsecured creditors, are insisting that plaintiff's judgment is fully satisfied, and that it has no further claim against defendant which it can assert as against this new asset. For defendant it is contended, first, that plaintiff's judgment, so far as it remained unsatisfied by the execution sale, was satisfied by defendant's conveyance of its property to the plaintiff during the period of redemption; and, second, that the stipulation in the contract with Dickey above quoted operated to satisfy and discharge plaintiff's judgment.

I.   The fact of the conveyance by defendant to plaintiff before the expiration of the redemption period is so pleaded as to give the defendant the benefit of the doctrine of merger, if, as a matter of law, such conveyance operated as a merger of plaintiff's judgment.   The situation was this:   Having a certificate of purchase of defendant's property, under which it would be entitled to a sheriff's deed at the expiration of one year from the time of execution sale, four months of which period had not yet expired, plaintiff took a warranty deed of the property, without any additional consideration, and entered into an agreement with Dickey by which it sold the property to him, and availed itself of the payments which should be made to it under a lease to the new corporation; such payments to be applied on the purchase price, which Dickey agreed to pay.   That plaintiff thereby secured a substantial advantage, which it would not have by virtue of the execution sale, is unquestionable. That it was the mutual purpose of plaintiff and Dickey to extinguish Dickey's liability as guarantor for the balance of plaintiff's judgment, and substitute therefor his liability as purchaser of the property, is equally unquestionable.   Plaintiff had the right for four months to redeem the property from the execution sale.   Had it exercised this right, the balance of the judgment would have become a lien on the property in defendant's hands; but, had the defendant's grantee redeemed, the property would have been taken by such grantee free from any further claim of plaintiff under its judgment. *Crosby v. Elkader Lodge*, 16 Iowa, 399 ; *Escher v. Simmons*, 54 Iowa, 269, 275 ; *Moody v. Funk*, 82 Iowa, 1.   It appears, therefore, that plaintiff, having only a sheriff's certificate for the property bid in under its judgment, acquired absolute title to such property by conveyance from the defendant, and we see no reason why its prior right to and lien   upon this property should not be regarded as fully merged in the fee-simple title thus obtained.   It acquired by the conveyance, in addition to the title which would have accrued to it in consequence of the execution sale, the redemption rights of

*Margin note:* 1. JUDGMENTS: satisfaction: merger.

the defendant. It is perhaps true that, in the absence of any agreement on the part of plaintiff to satisfy the balance of its judgment, such balance would remain unsatisfied, and a claim in favor of plaintiff against defendant, enforceable out of any other property of defendant; but we think that, in view of the contemporaneous agreement with Dickey already referred to, we are justified in holding that plaintiff intended by the entire transaction to accept the property in satisfaction of its whole claim, and that not only the plaintiff's interest in the property by virtue of the execution sale, but also the claim which it might have enforced against the property for the balance of its unsatisfied judgment, had the defendant redeemed the property from the sale, was merged into the fee-simple title acquired by the conveyance from defendant. If this view be sound, then plaintiff has no longer any claim against defendant under which it can reach the fund appropriated to defendant by act of Congress.

II. With reference to the claim that, by the stipulation in the contract with Dickey, plaintiff has released and satisfied its judgment, counsel for appellee contend that such stipulation was made for the benefit of Dickey only, and that defendant can predicate no right thereon, and, further, that plaintiff was not, by the terms of the contract, bound to satisfy the judgment as provided for in such stipulation until the entire purchase price had been paid by Dickey for the property. In support of the first of these contentions, it is argued that one who is not a party to a contract, and who furnishes no part of the consideration therefor, cannot avail himself of any rights under such contract. But we think it will not be contended that if, as a matter of fact, the plaintiff, by agreement with Dickey, who was a guarantor of the indebtedness on which the judgment was founded, had satisfied and discharged such judgment, the defendant would be thereby released from further obligation to plaintiff; and we are of the opinion that the making of a new contract with Dickey, intended to operate as a full discharge of the indebtedness of the defendant for which he was guarantor, would have the same effect. Defend-

2. JUDGMENTS: contract with guarantor: effect of.

ant is not asking to have any affirmative relief under Dickey's contract, but is simply insisting that by that agreement the indebtedness has been satisfied. That plaintiff might discharge defendant's obligation, in consideration of a new agreement with Dickey, can hardly be questioned. See *Sioux City Stockyards Co. v. Sioux City Packing Co.,* 110 Iowa, 396. Dickey, as guarantor, had the right to satisfy this indebtedness, and we are not concerned now with the question whether he thereby acquired by subrogation a claim against the defendant for repayment. In the view which we take of the case, it is unnecessary to discuss the authorities cited on the question as to the right of a person for whose benefit a contract is made to maintain an action thereon.

As to the contention of counsel that, under the contract with Dickey, plaintiff did not undertake to satisfy its judgment until that contract had been fully performed on his part, and the property paid for, it is sufficient to say that the terms of the contract do not warrant any such construction. Not only does the plaintiff stipulate that it will immediately satisfy the judgment against the defendant, but the whole tenor of its provisions is to the effect that the new contract was intended as a substitution for and discharge of the obligations of Dickey and the defendant under plaintiff's judgment.

It is urged that plaintiff reserved the right in the contract with Dickey to declare such contract void on failure of Dickey to carry out its provisions, but such reservation did not enable plaintiff to insist that it should be put back in the situation which it occupied before any such contract was made. Its right would be to treat Dickey's claim to the property as terminated and forfeited, but the right to avoid did not involve the right to reassert a judgment claim which had already been extinguished.

We reach the conclusion that the trial court erred in sustaining plaintiff's demurrer to the second division of defendant's answer. The case will be remanded to the trial court for further proceedings in accordance with this opinion. — REVERSED.