**TOY NATIONAL BANK, A National Banking Corporation, Plaintiff-Appellant,**

v.

**Martha VLAHOULIS; Downtown Cleaners, Inc., An Iowa Corporation; and Laundry-Fair, Inc., A Corporation, Defendants-Appellees.**

No. 2–66502.

Court of Appeals of Iowa.

April 27, 1982.

William L. Edmonds of Carter, Sar & Edmonds, Sioux City, for plaintiff-appellant.

Daniel C. Galvin of O'Brien, Galvin, Kuehl & Mullin, Sioux City, for defendants-appellees.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

PER CURIAM.

Plaintiff appeals from the trial court decree foreclosing mortgages it held on properties and ordering the sale of the properties subject to one defendant's lease, contending the trial court erred in finding the leasehold to be superior to plaintiff's mortgage and in permitting a defendant to amend its answer to conform to proof. The appeal is dismissed due to appellant's waiver of its right to appeal.

Appellant-mortgagee, Toy National Bank, sought to foreclose the mortgage on commercial property owned by defendants, Martha Vlahoulis and Downtown Cleaner, Inc. A third defendant, Laundry-Fair, Inc., leased the mortgaged property from Martha Vlahoulis and Downtown Cleaners, Inc. On March 10, 1981, the trial court entered its judgment and decree and foreclosed the bank's mortgages. The clerk was directed to issue a special execution to the sheriff to sell the properties to satisfy the judgment. The court, finding Toy National Bank's interest to be superior to all other interests except Laundry-Fair's prior leasehold, ordered the property sold subject to the lease. Appellant purchased the property at the execution sale for the full amount of the judgment.

On appeal, Toy National Bank contends the trial court erred in ordering sale of the property subject to Laundry-Fair, Inc.'s lease and in permitting Laundry-Fair to amend its answer to conform to proof. We do not address the substance of those contentions since we conclude appellant's acceptance of full satisfaction of the judgment constitutes a waiver of the right to appeal.

Toy National Bank originally asserted its cause of action as the mortgagee of properties held by defendants-owners. Toy National Bank's cause of action, accruing from defendants'-owners' breach of their mortgage obligations, was merged into the judgment rendered by the court on March 10, 1981. See American Title Insurance Company v. Stoller Fisheries, 227 N.W.2d 481, 484 (Iowa 1975); see also German Bank v. Iowa Iron Works, 123 Iowa 516, 519, 99 N.W. 174 (Iowa 1904). The judgment ordered the sale of the properties subject to the outstanding lease in a quantity sufficiently large to satisfy the judgment. The property was sold in accordance with the trial court's order. A certificate of satisfaction of judgment of foreclosure was recorded by the clerk of court indicating Toy National Bank's judgment had been satisfied. At that time, Toy National Bank no longer had any rights as mortgagee of the encumbered property. See Quaintance v. Mahaska County State Bank, 201 Iowa 457, 460, 205 N.W. 739, 741 (Iowa 1925). Toy National Bank, as a foreclosure sale purchaser, had only rights of ownership to the property, subject to the outstanding lease of Laundry-Fair, Inc. At that point, Toy National Bank purchased the property subject to all prior encumbrances or defects in title. See Moser v. Thorp Sales Corp., 256 N.W.2d 900, 912 (Iowa 1977). Once a mortgagee has successfully prosecuted a foreclosure action and effected a foreclosure sale, the mortgagee can no longer bring any foreclosure action. See Escher v.

*Simmons,* 54 Iowa 269, 275–76, 6 N.W. 274 (Iowa 1880). Toy National Bank fully accepted the benefits of the trial court's order: foreclosure of the mortgages held by Toy National Bank and forced sale of the property to satisfy the judgment rendered. Acceptance of payment of judgment on a foreclosure suit waives mortgagee's right to appeal. *Lombard v. Bush,* 85 Iowa 718, 718–19, 50 N.W. 1068 (Iowa 1892); *but see Poulsen v. Russell,* 300 N.W.2d 289, 293 (Iowa 1981) (recognizing a trend away from the harsh rule that acceptance of a judgment invariably waives the right to appeal). The *Poulsen* case, and cases cited therein, however, do not involve a foreclosure sale as does *Lombard.* We thus conclude Toy National Bank's acceptance of all of the benefits of the foreclosure judgment bars it right to appeal.

DISMISSED.