CASE 30—PETITION EQUITY—JANUARY 26.

## Makibben v. Arndt, &c.

APPEAL FROM CAMPBELL CHANCERY COURT

JUDICIAL SALES—REDEMPTION.—Where property is sold under a judgment enforcing a mortgage lien, and afterward redeemed by the debtor, the plaintiff can not have an order of re-sale to satisfy the unpaid part of his judgment, the first sale having failed to satisfy it. The mortgage lien ceases to exist whenever the sale is made enforcing it. If the first sale fails to satisfy the debt the mortgagee may at once take steps in the same suit, or by execution on his judgment, to subject the equity of redemption, if it exists, and thus protect himself.

C. J. HELM FOR APPELLANT.

The effect of redeeming property sold to satisfy a mortgage debt is to give the debtor credit by the amount for which the property sold, and to leave the mortgage lien in force against the property for the remainder of the debt. (Gen. Stat., pp. 835-837; Bodine v. Moore, 18 N. Y., 347.)

GEORGE WASHINGTON FOR APPELLEE.

The sale of mortgaged property to satisfy the mortgage debt exhausts the mortgage lien, and the right to redeem having been exercised by the debtor, the creditor can assert no further claim by virtue of his mortgage. (14 Bush, 494; Glazebrook & Bro. v. Brandon, 3 Ky. L. R., 466; Gen. Stat., sec. 4, art. 8, chap. 63; Jones on Liens, vol. 2, sec. 1128; Todd v. Davey, 60 Iowa, 532.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The mortgage lien of the appellant, T. P. Makibben, was inferior to that of the Building Association. The property was sold under the judgment on November 24, 1885, and for the satisfaction of *both* liens. The appellant purchased it at two thousand two hundred dollars, being less than two-thirds of its appraised value, but a little more than the debt of the Building Association, and the sale was confirmed. He took no steps, either by further proceedings in the suit or an execution upon his judgment, to sell the equity of redemption during the year of its existence following the sale. It was redeemed upon the last day allowable, the mortgagor then conveying it to a third party, who mortgaged it and thus obtained the money to redeem it from the appellant. Shortly after the year for redemption had expired, the appellant filed a supplemental petition asking a re-sale of the property to satisfy the unpaid portion of his judgment. After one or more amendments to this pleading, it was dismissed upon demurrer, and he has appealed. He now contends that the redemption from the sale, although it was made to satisfy both mortgage debts, left the unsatisfied portion of his judgment in full force as a lien upon the property. This contention is based upon the fact that the statute declares the sale "null and void" from the time of the redemption. (General Statutes, chapter 63, article 8, section 3.) We can not assent to it. His lien was of contract. The legal title to the property was merely in pledge to him for the payment of his debt, and in pledge for what it might bring merely, when sold. In such case

the creditor may sell *once*, and then may also subject
the equity of redemption, if there be any.   The statute
gives him this latter right.   He can not, however, sell
and resell and sell again, and so on, *ad infinitum*, by
virtue of the mortgage lien.   He can not thus, in effect,
cut it up into slices.   The redemption is a *recovery* of
the legal title ; and it, by reason of it, repasses to the
mortgagor.   The mortgage lien ceases to exist when-
ever the sale is made enforcing it.   The right to the
property passes to the purchaser, subject to confirma-
tion by the court, and subject also to be divested in
favor of the debtor by redemption within the time
allowed, if it be a case where the right exists.

The fact that the statute declares the sale shall be
a nullity in case of redemption does not reinvest the
mortgagee with his mortgage lien, and, therefore, with
the title by way of security for his debt.   The redemp-
tion restores the title to the mortgagor, and to this end
the law declares the sale a nullity.   If the effect were
to revive a lien already exhausted there would be little
effort by the debtor in this direction.   If, however, the
sale extinguishes the lien, then the debtor may be able
to raise the money to redeem his property by putting
it in pledge.   It gives him a chance.   The parties to
the mortgage contract understand at its inception that
the property is liable to be sold *once* by virtue of it ;
and it is not for a court to make a contract for them of
greater continuing force.   Its right and power to sell is
based upon the mortgage lien alone, and one exercise
of the power is an exhaustion of it.   The lien can not
survive the sale for its enforcement.   A sells the land
of B under a mortgage lien.   A portion of the judg-

ment is unsatisfied, and the property not having brought two-thirds of its appraised value, there is an equity of redemption. If C, another creditor of B, subjects this right of redemption to sale under his execution, as he may do, certainly A can not claim that, notwithstanding the foreclosure sale, he still has a mortgage lien for the unsatisfied part of his judgment.

It was said in Todd v. Davey, 60 Iowa, 532: "By the sale of the land upon foreclosure, the mortgagee exhausts his remedy against the land, and can neither again sell it upon the judgment, nor redeem from the sale, either before or after redemption by the mortgagor." Jones on Liens, section 1128, cites this case approvingly and says: "If a vendor, who has entered into a contract to convey, upon the payment of the purchase money, elects to foreclose his contract of sale, he can not, after the land has been sold and bid in by him for a part only of the judgment, and then redeemed by the purchaser, still claim to have a vendor's lien upon the land for the balance of the purchase money."

If the rule were as the appellant contends, or if such a rule would be correct in principle, then the debtor should not be allowed to redeem by paying the amount of the purchaser's bid and interest, but to avoid cost and litigation, he should be required to pay the amount of the judgment. The lien-holder has ample opportunity to protect himself by the one sale made under his contract. The statute gives him the right, in the event his judgment is not thereby satisfied, to at once take steps in the same suit, or by exe-

cution upon the judgment, to sell the equity of redemption, if it exists. (General Statutes, chapter 63, article 8, section 4.) He may, at the first sale, fully protect himself by bidding more than two-thirds of the appraised value, thus cutting off the right of redemption. The law did not intend to give the creditor all the advantages. If he has reasonable chance to protect himself from loss, and fails to avail himself of it, it is his own fault, and furnishes no reason for harassing the poor debtor with additional cost and litigation. If the debtor redeems, it will often work to the advantage of the former lien-holder, whose judgment is in part unsatisfied. If a stranger has purchased for a trifle, and the debtor redeems and holds the property, it adds that much to his estate, to all of which, save the exempt portion, the creditor may look for the balance of his judgment, aided by execution upon it.

In this instance, if the appellant loses, it is his own fault. He has slept over his rights, or been negligent of them. He failed either to bid the amount of both mortgage debts for the property, or two-thirds of its appraised value, or to take any step whatever, looking to the sale of the equity of redemption. He has no right to an order of re-sale, and the judgment is affirmed.