## R. T. Elswick & Company, et al. v. Scott, et al.

(Decided June 27, 1928.)

### Appeal from Pike Circuit Court.

1. Execution.—When the debtor's property is sold under execution or judgment of a court to pay his debt, title does not pass to the purchaser until the year allowed for redemption expires if the property does not sell for two-thirds of its appraised value.

2. Pleading.—Allegations of petition are to be taken as true on demurrer.

3. Execution.—Under Ky. Stats., secs. 1906, 1907, if deed of execution debtor to property, which sold for less than two-thirds of its ap-

praised value when ordered sold for payment of debtor's debts, was void, title was still in debtor, and lands could be subjected to payment of debts by creditors, and money grantee paid clerk for redemption under sections 2364, 2365, should be returned to her, but if deed to grantee was valid, extension of time of redemption by purchasers was void, since after redemption money was paid to clerk, right of redemption had been exercised and there was nothing to extend.

JOHNSON & HINTON and O. T. HINTON for appellants.

MOORE & CHILDERS for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

The Kanawha Elkhorn Collieries owned the land in controversy. It became insolvent, and an action was brought against it to subject its property to the payment of its debts. The land was ordered sold; the sale was made on October 5, 1925; R. T. Elswick and R. C. Rowe, who were two of its creditors, bought the property for $5,400, which was less than two-thirds of its appraised value. The sale was duly confirmed, but no deed was made to the purchasers, as the land had not sold for two-thirds of its appraised value. On September 21, 1926, the Kanawha Elkhorn Collieries, by quit-claim deed, conveyed the property to Rushia R. Scott. The deed recited a consideration of $1 in hand paid, together with other good and valuable consideration. It was lodged for record on September 29, 1926. Rushia R. Scott then tendered to the purchasers the redemption money with interest at 10 per cent. They refused to accept it. She then paid the money to the clerk of the court, as provided by sections 2364, 2365, Kentucky Statutes. On October 4, 1926, the purchasers made an agreement with the other creditors extending the time for redemption, and on March 16, 1927, they and certain creditors brought this action for themselves and all other creditors, alleging in their petition the above facts, also that the conveyance made by the Kanawha Elkhorn Collieries to Rushia R. Scott was made with the intent to delay, hinder, and defraud the plaintiffs and its other creditors, and that these facts were known to Rushia R. Scott at the time the conveyance was made, and that she and her codefendants claiming under her had notice of such fraudulent intent at all times thereafter. They further alleged that the

conveyance was made without valuable consideration, and that each of the defendants had notice of this fact when they acquired any interest in the property. The circuit court sustained a general demurrer of the defendants to the petition. The plaintiffs appeal.

When the debtor's property is sold under execution or the judgment of a court to pay his debt, the title does not pass to the purchaser until the year allowed for redemption expires, if the property does not sell for two-thirds of its appraised value. In Rogers v. Beam, 169 Ky. 239, 183 S. W. 930, where the debtor's land had been sold for less than two-thirds of its appraised value to satisfy a mortgage, the debtor conveyed the land to another who redeemed it, and after this the mortgage creditor undertook to enforce a lien upon the land under his mortgage. The court upheld the rights of the purchaser in these words:

"If the creditor with an execution or an order of court wants to make the property covered by his lien bring its value or the amount of his debt, he can do so at the sale, but if he does not choose to do this and lets the property sell for less than two-thirds of its appraised value, his lien, whether it be by virtue of an execution or mortgage or other contract, is exhausted and the debtor can do what he likes with his equity of redemption before another execution lien is created or an order is made directing its sale." Rogers v. Beam, 169 Ky. 242, 183 S. W. 931.

A number of other authorities are collected in that opinion. To the same effect, see 23 C. J. p. 714.

If the debtor had redeemed the property, then the title would have been in the debtor, and when the debtor's vendee redeemed the property the title was in the vendee if the conveyance was valid. By section 1906, Kentucky Statutes, every conveyance made with the intent to delay, hinder, or defraud creditors is void against such creditors, and by section 1907 every conveyance made by a debtor without valuable consideration therefor shall be void as to all his then existing liabilities.

Rushia R. Scott under her conveyance is the owner of the property, and the property cannot be subjected to the plaintiff's debts, unless the conveyance to her is invalid under these sections. This is a question of fact to be determined upon the proof, if denied by answer;

but on demurrer to the petition its allegations are taken as true, and so on the demurrer to the petition it is conceded that the deed to her is void under the above statutes. If the deed to her is void, the title is still in the debtor; the lands may be subjected to their debts by his creditors, and the money she paid the clerk should be returned to her; for then she had no interest in the property or power to redeem. If the deed to her is valid, the extention of the time of redemption by the purchasers on October 4th was void; for in this event, after the redemption money was tendered to them and paid to the clerk, the right of redemption had been exercised and there was nothing to extend. The court therefore erred in sustaining the defendant's demurrer to the petition.

Judgment reversed, and cause remanded for further proceedings consistent herewith.