## Messer v. American Eagle Fire Insurance Company.

(Decided November 13, 1928.)

4

R. L. POPE and R. C. BROWNING for appellant.

H. C. GILLIS, E. L. STEPHENS, T. E. MAHON, T. N. GALPHIN, JR., and GORDON & LAURENT for appellee.

Opinion of the Court by Judge Logan—Reversing.

When the policy sued on was issued on November 26, 1924, covering a certain house and lot in Corbin, Ky., owned by the appellant, Lizzie Messer, a suit was then pending in the Whitley circuit court for the enforcement of a street assessment lien against the property so insured. The suit was prosecuted to judgment the follow-

ing February, and pursuant to the judgment the property was sold, and purchased by some one acting for the city of Corbin. The judgment was for $1,100. The sale was reported by the master commissioner, and in May, 1925, no exceptions having been filed, the report was confirmed. Appellant and her family continued to reside in the property, and their possession was at no time disturbed until the property was destroyed by fire the month following the confirmation of the report of sale. No deed was made pursuant to the confirmation of the sale, and at a subsequent term of court appellant was allowed to satisfy the judgment, which was equivalent to allowing her to redeem her property.

After her loss appellant made out her proofs and submitted them to appellee, but appellee would not pay her the $2,000 indemnity called for in the policy, basing its refusal upon the provision in the policy which rendered it void if there should be any change, other than by the death of the insured, in the interest, title, or possession of the subject of insurance, whether by legal process, judgment, or by the voluntary act of the insured or otherwise. Suit was instituted to recover on the policy contract, and the appellant defended on the ground that the policy was forfeited prior to the fire by reason of the change of title. Much is said by counsel representing each side about the law governing in such cases. It is now well settled that such a provision in a fire insurance policy in this state will be upheld by this court. It is also well settled that, where there has been a judicial sale and the report thereof has been confirmed, the purchaser of the property is immediately vested with an equitable title, and that it brings about such a change in the title or interest of the insured as to forfeit a fire insurance policy containing a provision against change in interest or title. These questions have recently been decided again in an opinion in the case of Cook's Adm'r v. Franklin Fire Insurance Co., 224 Ky. 360, 6 S. W. (2d) 477.

If it were not for the admitted fact in the record that the appellant, after the confirmation of the sale, redeemed her property, or recaptured her title, with the consent of the purchaser, we might affirm the judgment of the lower court in giving a peremptory instruction to the jury to return a verdict for appellee. It is argued by counsel for appellant that she had the right to redeem

the property within two years after the sale, but we cannot agree to that contention. The law governing the redemption of land from tax sales does not apply. If she had any right to redeem, it was under section 2364, Ky. Stats., which allows the owner to redeem his property within one year, if it does not bring two-thirds of its appraised value at a judicial sale. There is nothing in this record to show that the property did, or did not, bring two-thirds of its appraised value. Neither is there anything in the record to show whether appellant had an agreement with the purchaser which gave her the right to redeem the property. If she had the right of redemption, the question arises as to whether there had been such a change in title as would forfeit her insurance under the provision of the policy mentioned.

When property is sold at a judicial sale, or under execution, and the sale is confirmed, the owner of the property at the time of the sale has lost all power within himself to regain the title, if the property is not subject to redemption. He has no power to prevent the purchaser's obtaining the legal title, and his interest in the property has been absolutely taken from him. Property, however, belongs to the person as long as he has a right to it and the power by law to enforce and protect that right. Ohio Valley Fire & Marine Insurance Company's Receiver v. Skaggs, 216 Ky. 535, 287 S. W. 969. As long as the interest of the owner, either legal or equitable, is of such a nature that he must suffer the entire loss if the property be destroyed, there has been no such change in the title or interest as forfeits his insurance. Home Insurance Co. v. McCoy, 218 Ky. 365, 291 S. W. 353.

When the owner's property is sold under judgment of the court to pay his debts, the title does not pass to the purchaser until the year allowed for redemption expires, if the property does not sell for two-thirds of its appraised value. Rogers v. Beam's Executor, 169 Ky. 239, 183 S. W. 930; R. T. Elswick & Co. v. Scott, 225 Ky. 309, 8 S. W. (2d) 398. An equity of redemption, or legal right to redeem, is that right which the owner of the property has to regain the complete title to his property by the payment to the purchaser of the amount for which the property was sold, with interest and penalties, in accordance with the provisions of the statute. Ebelharr v. Tennelly, 118 Ky. 43, 80 S. W. 459, 25 Ky. Law Rep. 2257.

This record is silent as to any right that appellant may have had to redeem her property. But the record

does show that the effect of what she did when she satisfied the judgment was to redeem the property and restore her title. It is argued that the court was without jurisdiction to allow her to do this after the term at which the judgment was rendered. Technically speaking that is true, but there is enough in what she did to give rise to a presumption that she was not without right to redeem her property from the sale. If she had the right to redeem her property, there had not been such change of interest, or title, as would forfeit the insurance. We have before us only the bare fact that the property was sold, the sale was confirmed, and that she was thereafter allowed to pay the purchaser the amount of the purchase money. In the absence of any proof on the question, we have reached the conclusion that the lower court should not have given a peremptory instruction directing the jury to return a verdict for appellee. It may be that the presumption of her right to redeem can be overcome by proof, but that is a matter which will be determined on another trial.

Judgment reversed, and cause remanded, for proceedings consistent with this opinion.