## R. T. Elswick & Co. et al. v. Scott et al.

(Decided Nov. 17, 1933.)

O. T. HINTON for appellants.

A. F. CHILDERS and McCOY, ROSE & RUSH for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

The Kanawha Elkhorn Collieries owned a large tract of land in Whitley county on which it operated a coal mine. It became insolvent; its creditors instituted an action against it to subject the property to the payment of its debts. The land was ordered sold. The sale was made on October 5, 1925. R. T. Elswick and R. C. Rowe, two of the creditors, bought the property for $5,400, which was less than two-thirds of its appraised value. The sale was duly confirmed, and no steps were taken to subject the equity of redemption. On September 21, 1926, the company conveyed the property to Rushia R. Scott for $500, cash paid by her. Her deed was recorded on September 29, 1926. She then tendered to the purchasers the redemption money with interest at 10 per cent.; they refused to accept it; she paid the money into court as provided by statute. On October 4, 1926, the purchasers made an agreement with the other creditors extending the time for redemption, and on March 16, 1927, they and certain other creditors brought this action, insisting: (1) That Rushia R. Scott took no title under her deed, and (2) that the deed to her was fraudulent and made without consideration. The circuit court sustained a general demurrer to the petition. The plaintiffs appealed.

On the appeal the court held:

1. "If the creditor with an execution or an order of court wants to make the property covered by his lien bring its value or the amount of his debt, he can do so at the sale, but if he does not choose to do this and lets the property sell for less than two-thirds of its appraised value, his lien, whether it be by virtue of an execution or mortgage or other contract, is exhausted and the debtor can do what he likes with his equity of redemption before another execution lien is created or an order is made directing its sale."

2. "If the debtor had redeemed the property, then the title would have been in the debtor, and when the debtor's vendee redeemed the property the title was in the vendee if the conveyance was valid."

3 After setting out sections 1906 and 1907, Kentucky Statutes, the court said:

"Rushia R. Scott under her conveyance is the owner of the property, and the property cannot be subjected to the plaintiff's debts, unless the conveyance to her is invalid under these sections. This is a question of fact to be determined upon the proof, if denied by answer; but on demurrer to the petition its allegations are taken as true, and so on the demurerr to the petition it is conceded that the deed to her is void under the above statutes. If the deed to her is void, the title is still in the debtor; the lands may be subjected to their debts by his creditors, and the money she paid the clerk should be returned to her; for then she had no interest in the property or power to redeem. If the deed to her is valid, the extension of the time of redemption by the purchasers on October 4th was void; for in this event after the redemption money was tendered to them and paid to the clerk, the right of redemption had been exercised and there was nothing to extend. The court therefore erred in sustaining the defendant's demurrer to the petition."

Elswick & Co. v. Scott, 225 Ky. 311, 8 S. W. (2d) 398, 399.

On the return of the case to the circuit court, an answer was filed controverting the allegations of the petition, proof was taken, and on final hearing the circuit court, on the proof, dismissed the plaintiff's petition. The plaintiffs appeal.

The opinion on the former appeal is the law of the case. The only question in the case left open by the former opinion was whether the deed to Rushia R. Scott was fraudulent and void under the statute, and this is the only question that may be considered on this appeal.

There is an entire want of evidence to show that the purchase of Rushia Scott was without consideration or fraudulent. Her father lived near the property and she made the purchase at his suggestion. The clear weight of the evidence shows that the property at that time was of value about $6,000, and she paid something over $6,000 for the property. The coal company, which had opened the mine, had failed in business because in excavating the coal they had come upon a ledge of rock which had to be removed to go further, and could only

be moved at a great expense. While the property had been appraised at the sale for more than $6,000, coal property had declined in value between that time and the purchase by Rushia Scott of the equity redemption. It was a good-faith transaction on her part upon her father's advice that it was a good investment and for no other reason. She had no interest in the coal company; she simply bought property as an investment.

Judgment affirmed.