**KIRKLEVINGTON ASSOCIATES, LTD., Appellant,**

v.

**KIRKLEVINGTON NORTH ASSOCIATES, LTD., Steve M. Rayman, East Coast Federal Savings Bank, Appellees.**

No. 92–CA–000920–MR.

Court of Appeals of Kentucky.

Feb. 26, 1993.

Robert L. Treadway, Lexington, for appellant.

Barry S. Settles, Kevin M. McGuire, Timothy R. Coleman, Lexington, for appellees, Kirklevington North.

Robert W. Griffith, T. Morgan Ward, Jr., Louisville, for appellees, East Coast Federal Sav. Bank.

Timothy B. Theissen, Covington, for appellee, Steve Rayman.

Before HOWERTON, JOHNSON and MILLER, JJ.

JOHNSON, Judge.

This is an appeal from an Order entered March 16, 1992 in Fayette Circuit Court which stated that the former owner of property sold in a foreclosure action possessed the sole right to redeem the property from the sale pursuant to KRS 426.530. We agree with the interpretation of the circuit court and affirm.

Appellant, Kirklevington Associates, Ltd. (hereinafter "Associates") sold to Appellee, Kirklevington North Associates, Ltd. (hereinafter "Kirklevington North") an apartment complex located in Lexington, Kentucky known as Kirklevington North Apartments. The property was purchased subject to a nonrecourse first mortgage in the amount of $2,000,000 held by Appellees East Coast Savings Bank (hereinafter "East Coast") and Steve Rayman (hereinafter "Rayman"). Kirklevington North paid $600,000 as a down payment and granted Associates what in effect was a second mortgage to secure two nonrecourse notes for the remaining $1,250,000 of the $3,850,-000 purchase price.

Kirklevington North defaulted on the second mortgage and Associates filed suit in Fayette Circuit Court on September 5, 1990. Associates requested that the court sell the property to satisfy its lien, subject to the first mortgage of East Coast and Rayman.

Subsequently, East Coast and Rayman filed a separate foreclosure action seeking a judgment and an order of sale to satisfy their mortgage. The court entered its judgment and order of sale on January 2, 1992, and the matter was referred to the Master Commissioner. The court-appointed appraisers determined that the value of the property was $3,950,000. The property was sold on January 27, 1992 at an advertised auction, free and clear of all encumbrances, to the first mortgage holders, East Coast and Rayman for $1,950,000, who then assigned their rights under the bid to KLN Associates, Ltd. (hereinafter "KLN").

On January 28, 1992, the Master Commissioner filed a Report of Sale which indicated that the property had been sold for less than two-thirds of its appraised value. The report noted that the defendants could redeem the property pursuant to KRS 426.-530. East Coast and Rayman filed objections to the report on February 7, 1992, contesting—among other things—the determination that a right to redemption existed in all of the defendants. Associates filed an exception to the report noting that it would object to any order confirming the sale which did not recognize its right of redemption under KRS 426.530.

On March 16, 1992, the circuit court entered an Order which held that Kirklevington North, as title holder of the property, possessed an exclusive statutory right of redemption. It is from this Order that Associates appeals.

KRS 426.530 provides:

(1) If real property sold in pursuance of a judgment or order of a court, other than an execution, does not bring two-thirds of its appraised value, the defendant and his representatives may redeem it within a year from the day of sale, by paying the original purchase money and ten percent per annum interest thereon.

(2) The defendant shall pay the redemption money to the clerk of the court in which the judgment was rendered or the order of sale was made. Upon payment by the defendant, the master commissioner shall convey the real property to the defendant.

(3) When the right of redemption exists, the purchaser shall receive an immediate writ of possession and a deed containing a lien in favor of the defendant, reflecting the defendant's right to redeem during the statutory period.

■ The meaning of the term "defendant" in the above statute is the central issue of this appeal. Associates insists that junior mortgagees or lienholders are included in the class of those entitled to redeem under KRS 426.530. Associates comes to this conclusion by way of KRS 426.006, which states in part:

The plaintiff in an action for enforcing a lien on property shall state in his petition the liens held thereon by others, making them defendants....

In a nutshell, Associates claims that it should be entitled to redeem as a defendant under KRS 426.530 because it has been made a defendant to the foreclosure action pursuant to KRS 426.006. Associates contends that since the term "defendant" in KRS 426.530 is not limited by any exceptions, this Court should infer that the Legislature did not intend to omit a party which would be included in the term under KRS 426.006.

Associates suggests that additional support for such a construction can be found in the predecessors of the two statutes. Associates notes that the language contained in KRS 426.006 dates back to Section 692 of the 1883 Civil Code. In addition, Associates asserts that Kentucky Statute 2364,. a predecessor of KRS 426.-530, was enacted in 1893, ten years after the enactment of Civil Code Section 692. Associates thereby concludes that the Legislature intended the term "defendant" as used in the 1893 redemption statute to have the same meaning as used in the earlier statute, which required that all lienholders be named defendants.

However, the more sound construction of KRS 426.530 is one which limits the right to redemption to the owner of the property. As noted by Kirklevington North, the term "defendant and his representatives" can be found in the 1852 predecessor to KRS 426.-530, Revised Statutes ch. 36, art. 13, § 4 (Wickliffe 1852). Accordingly, this Court cannot presume that the Legislature intended to grant a right to redemption to all lienholders. In fact, the highest court of this state seemed to place limits on the remedies available to the mortgagee as early as 1889. In *Makibben v. Arndt*, 88 Ky. 180, 10 S.W. 642 (1889), the Court stated:

The redemption is a *recovery* of the legal title; and it, by reason of it, repasses to the mortgagor....

....

It was said in *Todd v. Davey*, ˙60 Iowa, 532[, 15 N.W. 421 (1883)]: "By the sale of the land upon foreclosure, the mortgagee exhausts his remedy against the land, and can neither again sell it upon the judgment, nor redeem from the sale, either before or after redemption by the mortgagor."

....The lienholder has ample opportunity to protect himself.... He may, at the first sale, fully protect himself by bidding more than two-thirds of the appraised value, thus cutting off the right of redemption.

88 Ky. at 182, 183, 184, 10 S.W. 642.

■ Furthermore, while redemption statutes are remedial in nature and subject to liberal construction in general, the provisions which establish the class of those entitled to redeem, and the time period in which redemption is permitted, are ordinarily strictly construed. 59 C.J.S. *Mortgages* § 819(b) (1949).

In addition, the Kentucky decisions involving the redemption statute have, apparently without exception, discussed the right of redemption solely in relation to the owner of the. property. *Makibben, supra; Messer v. American Eagle Fire Insurance Co.*, 227 Ky. 3, 12 S.W.2d 358 (1928) and *Burchett v. Bank Josephine*, Ky., 474 S.W.2d 66 (1971) (owner of the property); *Rogers v. Beam's Ex'r*, 169 Ky. 239, 183 S.W. 930 (1916) (judgment debtor has right of redemption).

Associates also claims to find support for its construction of the redemption statute in the amendments made to the statute in 1982. Prior to 1982, KRS 426.530 read, in part:

(1) If real property sold in pursuance of a judgment or order of a court, other than an execution, does not bring two-thirds of its appraised value, the defendant and his representatives may redeem it within a year from the day of sale, by paying the purchaser or his representatives the original purchase money and ten percent per annum interest thereon. The defendant redeeming his land shall take a receipt from the purchaser and lodge it with the clerk of the court. The receipt

shall be entered upon the records of the court.

. . . .

(3) When the right of redemption exists, the defendant may remain in possession of the property until it expires. Real property so sold shall not be conveyed to the purchaser until the right of redemption has expired. If it is redeemed, the sale shall ... be null and void.

Associates insists that two provisions of the 1982 amendments reflect the intent of the Legislature to resolve possible confusion over who was entitled to redeem. First, Associates refers to the deletion in section one of the sentence beginning with "[t]he defendant redeeming his land...." Associates claims that the deletion of the sentence demonstrates that the Legislature sought to avoid an interpretation of the statute that the property owner possessed the sole right of redemption. Second, Associates asserts that elimination of the property owner's right to possession in section three of the statute reflects the intent of the Legislature to treat all redemptioners alike. However, a better interpretation of the reasoning behind the amendments is that the Legislature intended to improve the operation of the statute by allowing the purchaser of the property to take immediate possession in order to entice higher bids and thereby provide additional funds to satisfy the obligations of the debtor, to the benefit of creditor and debtor alike.

However, perhaps the most significant indication of the intent of the Legislature in enacting KRS 426.530, and its predecessors, is the absence of any reference to other lienholders, and the absence of a provision to establish a priority scheme for holders of competing redemption rights. If the Legislature had intended KRS 426.530 to create a right of redemption in all lienholders, it seems clear to this Court that it certainly would have provided a mechanism to establish priority among holders of competing redemption rights.

Two general systems have evolved among those states which recognize a right of redemption in parties other than the owner of the property. 3 Richard Powell, *Powell on Real Prop.* § 470. Under the first system, the statute sets out a period during which the mortgagor has an exclusive right of redemption. Should the mortgagor fail to act, then each junior lienholder is given, in order of its position in the priority scheme, a period during which it may redeem. Some statutes provide that if one junior lienholder redeems, a subsequent lienholder, lower in priority, may also redeem by paying both the sale price and the amount of the lien held by the previous redemptioner. See e.g., Ariz.Rev. Stat. § 12–1282; Minn.Stat.Ann. § 580.23, § 580.24, § 581.10.

Under the second system, known as the "scramble method," all junior lienholders may redeem, but there is no priority scheme controlling the order in which the parties may redeem. However, the rule does expressly refer to junior lienholders. See e.g., Utah Rule of Civ.Proc., Rule 69(f).

■ The Kentucky redemption statute, KRS 426.530, employs neither system. Accordingly, it is doubtful that the Legislature intended to create a right of redemption in favor of anyone other than the property owner/mortgagor. Consequently, we affirm the Order of the circuit court. The remedy for junior lienholders is found in KRS 426.540, which allows the lienholder to execute upon the mortgagor's right of redemption. However, this remedy is not available to Associates since the notes it held were nonrecourse notes, limiting the funds available to satisfy its lien to the amount obtained at foreclosure.

■ Associates next argues that if it is not entitled to redeem the property, then the redemption by the owner of the property is subject to the second mortgage held by Associates. The appellees claim that this argument was not presented to the trial court and should not be considered by this Court. However, the record indicates that counsel did present this argument at a hearing held on March 16, 1992 to discuss objections to the Report of Sale filed by the Master Commissioner.

While the argument was raised at the circuit court level, Associates' position is not persuasive. *Makibben, supra,* clearly limits the protections available to the mortgagee. Having failed to protect itself by bidding at the auction, Associates is without a remedy due to the nonrecourse nature of the notes secured by the second mortgage.

We hold that KRS 426.530 creates an exclusive right of redemption in favor of the owner of the property. Having done so we need not address the issues of waiver and failure to name KLN a party to this appeal. The Order of the circuit court is affirmed.

All concur.