TOWN BRANCH STORAGE,
INC., Appellant,

v.

COMMONWEALTH of Kentucky, County of Fayette, by and on relation of Margaret Handmaker, Secretary of Revenue; Bond Management, Inc; New Farmers National Bank; National City Bank, Kentucky; and S & R Holdings, Incorporated, as the assignee of the redemption right of Bond Management, Inc., Appellees.

No. 1998–CA–000088–MR.

Court of Appeals of Kentucky.

May 28, 1999.

David Russell Marshall, Nicholasville, KY, for appellant.

Henry E. Kinser, Lizbeth L. Baker, Lexington, KY, for appellee.

BEFORE: BUCKINGHAM, COMBS, and McANULTY, Judges.

*OPINION*

COMBS, Judge.

Town Branch Storage, Inc., appeals from an order of the Fayette Circuit Court authorizing S & R Holdings, Inc., to assert redemption rights in property following a commissioner's sale. KRS 426.530. We affirm.

On June 7, 1996, the Commonwealth of Kentucky filed this action to enforce its lien on real property owned by Bond Man-agement, Inc. ("Bond Management"). The appellant, Town Branch Storage, Inc. ("Town Branch"), a named-defendant in the action, filed a cross-claim against Bond Management and eventually won a judg-ment. The property that is the subject of this dispute was ordered sold to satisfy the judgment against Bond Management.

Town Branch purchased the disputed property at a master commissioner's sale. Because Town Branch did not pay two-thirds of the property's appraised value, the provisions of KRS 426.530 were trig-gered and a statutory right of redemption was created in Bond Management. Pursu-ant to the redemption statute, the "defen-dant and his representatives" were given the right to redeem the property for the bid price plus 10% interest within one year of the sale.

Prior to the expiration of one year, S & R Holdings, Inc. ("S & R Holdings"), the appellee, purchased from Bond Manage-ment the statutory right of redemption. S & R Holdings immediately sought to re-deem the property by paying over the full purchase price, plus interest.

Town Branch objected to the master commissioner's proposal to convey the property to S & R Holdings. Town Branch argued that Bond Management had no right to assign its statutory right of redemption to S & R Holdings and that S & R Holdings had no right to redeem the subject property, contending that the right of redemption was the exclusive privilege of Bond Management.

On December 11, 1997, the Fayette Cir-cuit Court entered an order adjudging that the statutory right of redemption belong-ing to Bond Management was alienable and that S & R Holdings, as assignee of Bond Management, was entitled to redeem the subject property. This appeal fol-lowed.

On appeal, Town Branch contends that the trial court erred by overruling its objection to the proposed conveyance and by denying its motion to have the redemp-

tion declared null and void. Town Branch contends that Bond Management had no legal right to assign its right of redemption to S & R Holding and, accordingly, that S & R Holding was not entitled to redeem the property. We disagree.

KRS 426.530(1) provides as follows:

If real property sold in pursuance of a judgment or order of a court, other than an execution, does not bring two-thirds of its appraised value, *the defendant and his representatives* may redeem it within a year from the day of sale, by paying the original purchase money and ten percent (10%) per annum interest.thereon. (Emphasis added).

Kentucky courts having long recognized that a debtor can transfer the statutory right of redemption to another. In turn, the debtor's grantee can exercise the right of redemption. For instance, relying on *Miller v. Wheeler,* 147 Ky. 131, 143 S.W. 1028 (1912), the federal district court in *United States v. Wood,* 658 F.Supp. 1561, 1567 (W.D.Ky.1987), noted that

[w]here a debtor's land has been sold by judicial sale pursuant to KY.STAT. § 2364 (current version KRS § 426.530) and, after the sale but before the expiration of the year in which the debtor may redeem his property, he conveys his interest in the land to another, the debtor's grantee, as the debtor's "representative" under the statute, has the right to prosecute an appeal from an order denying him his right to redeem the land.

■ The fact that the right of redemption has also been defined as a "personal privilege" does not defeat the debtor's capacity to transfer that right to another who then may exercise it. Although the privilege is personal, the debtor is nevertheless recognized as having the "right to lose it by limitation, to exercise it himself, or to transfer it to a third person." *Potter v. Skiles,* 114 Ky. 132, 139, 70 S.W. 301, 302 (1902).

The appellant's reliance on language found in *Kirklevington v. Kirklevington North,* Ky.App., 848 S.W.2d 453 (1993), is misplaced. *Kirklevington* addressed the limited, specific issue of whether KRS 426.530 created a right of redemption in junior lienholders. Consequently, the holding is inapposite.

For the foregoing reasons the judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.