HUMBERT MORTGAGE, INC. MONEY PURCHASE PENSION PLAN, Appellant,

v.

Antonette I. REDELL, Eric Richards, and Westmark Properties, LLC, Appellees.

No. 2007–CA–000948–MR.

Court of Appeals of Kentucky.

Sept. 5, 2008.

Leonard G. Rowekamp, Covington, KY, Michael R. Schmidt, Cincinnati, OH, for appellant.

Michelle Foley Turner, Covington, KY, for appellees.

Before CAPERTON and STUMBO, Judges; BUCKINGHAM, Senior Judge.[1]

## OPINION

BUCKINGHAM, Senior Judge.

Humbert Mortgage, Inc. Money Purchase Pension Plan appeals from an order of the Boone Circuit Court approving Westmark Properties, LLC's purchase and exercise of the right of redemption in certain real property Humbert had purchased at public auction in a master commissioner's sale. We affirm.

The City of Florence filed an action *in rem* against 39 parcels of real property, seeking to collect delinquent *ad valorem* property taxes. Count XXIX of the complaint described Lot 41 of Stonegate Meadows Subdivision and sought past due taxes on that property for the years 2001 and 2002. The lot was owned by Antonette I. Redell. Humbert held a recorded mortgage lien on the property.

Kentucky Revised Statutes (KRS) 92.810 and KRS 91.484 through KRS 91.527 provide a statutory procedure for cites to use in the collection of delinquent property taxes. If the tax bills remain unpaid, the court may order the property sold to satisfy the unpaid taxes. KRS 91.4885.

The City complied with the notice requirements of the statute by publishing a notice and sending notice to those having interests in the properties. *See* KRS 91.4883; KRS 91.4884. Both the published notice and the notice sent to Humbert specified that "[r]edemption may be made for a period of sixty (60) days after the

Master Commissioner's enforcement sale, if the sale price is less than the parcel's current assessed value as certified by the Department of Revenue." KRS 91.511(2) also provides for the exercise of a right of redemption for a period of 60 days from the date of sale.

Humbert asserted its interest in the property by filing an answer and cross-claim. It thereafter filed a motion seeking a judgment and sale of the property. The court granted Humbert's motion, and the order and judgment of sale directed the property be sold on June 24, 2005. The order further directed that any sale proceeds would first be applied to pay the master commissioner fees and costs of sale and then to the delinquent property taxes. Any remaining balance would be paid on the mortgage indebtedness to Humbert.

Redell filed bankruptcy, causing the sale to be postponed. Following termination of the bankruptcy proceedings, the sale was rescheduled for February 9, 2006. Unbeknownst to the court and master commissioner, Redell died intestate on December 18, 2005. Neither her estate nor her only heir at law, her son Eric Richards, was substituted as a party in the case.

The property was appraised at $114,000 with a tax assessment valuation of $112,000. Submitting the only bid, Humbert purchased the property at the commissioner's sale for $10,000. The court approved the sale, and a deed was given to Humbert and the sale proceeds were distributed.

On February 7, 2007, two days less than one year after the sale, Westmark Properties, LLC filed a notice of its purchase and exercise of the right of redemption, stating that it had purchased the right of redemp-

---

1. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

tion from Richards for $3,000. It also paid the purchase price to the Boone Circuit Clerk. The master commissioner filed a motion for determination of valid exercise of right of redemption and for an order of distribution. Humbert then filed a motion seeking to correct the legal description of the tract and seeking a new deed absent language allowing a right of redemption.

The circuit court determined that Richards had inherited the right of redemption as a real property interest and could transfer that right to Westmark free of any obligation to pay his deceased mother's debts, including the balance of the Humbert mortgage. The court additionally found the procedure for redemption was not controlled by KRS 91.511(2) but rather by KRS 426.530(1) which allows the right of redemption to exist for one year after the sale if the purchase price was less than two-thirds of the appraised value. The court also corrected an error in the original description of the property that identified it as Lot 4 rather than Lot 41. This appeal by Humbert followed.

The time limit for the exercise of a right of redemption when property is sold to satisfy unpaid property taxes is 60 days after the sale. KRS 91.511(2). In a more typical master commissioner sale, such as when a mortgage holder seeks a sale by the master commissioner, the time limit to exercise a right of redemption is one year. KRS 426.530(1).

Humbert argues that the 60–day time limit in KRS 91.511 applied because this case was initiated by the City of Florence as an action to collect delinquent property taxes. It additionally cites authority relevant to Kentucky Rules of Civil Procedure (CR) 13.07 and argues that its cross-claim is dependent upon and relates back to the

original action. Humbert also notes that the 60–day period for the right of redemption was stated in the notice mailed to it. On the other hand, Westmark argues that the one-year time limit for exercising the right of redemption, as set forth in KRS 426.530(1), applies because the property was sold pursuant to Humbert's motion.[2]

■ The circuit court agreed with Westmark that the one-year time limit applied, and it upheld Westmark's exercise of the right of redemption. We agree. The circuit court action consisted of a claim by the City to collect the delinquent property taxes and a claim by Humbert to enforce its mortgage lien. The property was sold to enforce Humbert's lien; it was not sold pursuant to the City's action to enforce the collection of property taxes. Therefore, the one-year time limit of KRS 426.530(1) was applicable.

Humbert next argues that Richards had no authority to transfer the right of redemption to Westmark free of the debt owed to Humbert. It argues that Richards inherited the right of redemption from his mother and that the right was in the nature of personal property that passed into her estate. Because no administration of the estate had occurred when Richards sold the right, Humbert maintains that Richards had no authority to sell the right of redemption to Westmark. Alternatively, Humbert argues that even if the right of redemption was in the nature of a real property interest rather than personal property, such interest was subject to the claims of Redell's creditors, including Humbert.

Citing cases from other jurisdictions, the circuit court held that the right of redemption "is a statutory privilege which passes

2. Neither party cited any authority directly on point to support its argument. Likewise, we could find no authority directly on point.

to the heir of the owner in the same manner as the land itself. Furthermore, these jurisdictions treat the right of redemption as an interest which the owner may convey or devise and which will pass to his heirs in case of death intestate." In other words, the circuit court held that the right of redemption passed directly to Richards at Redell's death.

■■■ We conclude that both Humbert and the circuit court overlooked the fact that Redell died *before* the commissioner sale of the property. When Redell died, the property itself passed by intestate succession directly to Richards as her sole heir. *See Wood v. Wingfield,* 816 S.W.2d 899, 902 (Ky.1991); *Slone v. Casey,* 194 S.W.3d 336, 337 (Ky.App.2006). No right of redemption existed at that time because the property had not sold. Therefore, at the time of the sale, the property was owned by Richards. Then, because the property did not sell for two-thirds of its appraised value, Richards' right of redemption arose. *See* KRS 426.530(1). We therefore reject Humbert's argument that Richards did not have the legal right to sell the right of redemption.[3]

■■■ We likewise reject Humbert's argument that the right of redemption was subject to the claims of creditors of Redell's estate. The circuit court held that the right of redemption existed free of Humbert's mortgage lien. The court cited *Makibben v. Arndt,* 88 Ky. 180, 10 S.W. 642 (1889), wherein the court stated

> The mortgage lien ceases to exist whenever the sale is made enforcing it. The right to the property passes to the purchaser, subject to confirmation by the court, and subject also to be divested in favor of the debtor by redemption within the time allowed, if it be a case where the right exists.

*Id.* at 643. We agree with the circuit court that the right of redemption was not subject to Humbert's mortgage.

Finally, Humbert requests the sale be set aside pursuant to CR 60.02(f) for reasons of an extraordinary nature justifying relief. Not having Richards or the estate as a named party and the typographical error listing the lot do not reach the level of an extraordinary nature anticipated by the rule.[4] The circuit court corrected the typographical error in its order, and no further relief was warranted.

The order of the Boone Circuit Court is affirmed.

STUMBO, Judge, Concurs.

CAPERTON, Judge, Concurs and Files Separate Opinion.

CAPERTON, Judge, Concurring:

I concur with the majority and write separately only to explicate Humbert's argument that it should enjoy a 60–day rather than a one-year right of redemption.

I think the majority opinion is well-reasoned and will not reiterate such here. It suffices to say that to accept Humbert's argument would put Humbert in a better position as a cross-claimant than if Humbert had filed a separate action to enforce its claim. No one would contest that a one-year right of redemption, controlled by KRS 426.530(1), would have applied if Humbert had filed a separate action. Sim-

---

3. Also, "a debtor can transfer the statutory right of redemption to another. In turn, the debtor's grantee can exercise the right of redemption." *Town Branch Storage, Inc. v. Commonwealth,* 995 S.W.2d 398, 400 (Ky. App.1999).

4. The judgment and order of sale that contained the error in the legal description was prepared by Humbert's attorney.

ilarly, no one contests that the 60–day right of redemption, controlled by KRS 91.511, applies when the action is brought by a city, here the city of Florence. Thus, Humbert asserting a claim as a cross-claimant in an action wherein a city is a party puts Humbert in no better position than asserting the same claim in an action separate from the city. To do as Humbert suggests, would allow the period for redemption to turn upon the fortuitous circumstance of Humbert asserting its claim in an action where a city is a party. Regardless of who brings the action, the rights are particular to the parties. Therefore, Humbert, in moving the trial court for an order of sale, asserted its rights and made KRS 426.530(1) applicable. I concur.